# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-19-00117-CV

---

**Appellant, Branigan Mulcahy// Cross-Appellant, Cielo Property Group, LLC**

**v.**

**Appellee, Cielo Property Group, LLC// Cross-Appellee, Branigan Mulcahy**

---

**FROM THE 53RD DISTRICT COURT OF TRAVIS COUNTY**
**NO. D-1-GN-18-007425, THE HONORABLE CATHERINE MAUZY, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

In this interlocutory appeal, appellant–cross-appellee Branigan Mulcahy and appellee–cross-appellant Cielo Property Group, LLC, challenge an order denying a motion to dismiss under the Texas Citizens Participation Act (TCPA), Tex. Civ. Prac. & Rem. Code § 27.005. We will affirm the district court's order.

## BACKGROUND

In 2014, Mulcahy began working jointly for G&A Partners and Cielo—which G&A refers to as one of its "clients"—as vice president of property acquisitions pursuant to an employment agreement executed by Mulcahy and G&A. As part of Mulcahy's compensation package, G&A and Cielo granted Mulcahy an interest in several properties under development through a series of LLC membership agreements. Cielo, on behalf of itself and G&A, terminated Mulcahy's employment in 2018, citing alleged "failure to perform, insubordination, and

abrasiveness" as reasons for the termination. It then revoked Mulcahy's interest in the properties.

Mulcahy subsequently obtained employment with an Austin-based group specializing in upscale hotel operations. At some point, Cielo learned that Mulcahy possessed a computer hard drive associated with his work on its behalf. Cielo demanded return of the hard drive, which Cielo alleges contains trade secrets and other confidential information. Mulcahy refused to return the hard drive, arguing that it contains sensitive personal information. He further averred that he had not accessed any trade secrets or other confidential company information to the extent any such information is saved to that drive. The drive is now in Mulcahy's counsel's possession under an order from this Court. *See Mulcahy v. Cielo Prop. Grp.*, No. 03-19-00117-CV, 2019 WL 2384150, at *1 (Tex. App.—Austin June 6, 2019, order).

Mulcahy sued Cielo and others for breach of contract, unjust enrichment, and employment discrimination, seeking to recover unpaid compensation and the property interests he had acquired in certain developments. Cielo responded with a general denial and a motion to compel arbitration, arguing that all Mulcahy's claims are subject to the arbitration clause in Mulcahy's employment agreement with G&A Partners. This Court reversed the district court's order denying the motion to compel and remanded the cause with instructions for the district court to send the claims to arbitration. *See generally Cielo Prop. Grp. v. Mulcahy*, No. 03-18-00587-CV, 2019 WL 3023312 (Tex. App.—Austin, July 11, 2019, no pet.) (mem. op.).

In a separate cause of action in district court, Cielo sued Mulcahy for breach of contract, breach of fiduciary duty, and trade secret misappropriation, alleging that Mulcahy withheld the hard drive in violation of the terms of his employment agreement with G&A and in

breach of his fiduciary obligation to Cielo. Cielo further alleged that Mulcahy might disclose confidential corporate information, including trade secrets. In its prayer for relief, Cielo sought to enjoin Mulcahy from maintaining possession of the hard drive and from disclosing any of its contents. Cielo also asked for disgorgement of any profits gained from use of the hard drive and for recovery of attorneys' fees and costs.

Mulcahy answered with a general denial and a motion to dismiss under the TCPA, arguing that all claims arise from his exercise of the right to free speech and the right to petition the government. *See* Tex. Civ. Prac. & Rem. Code § 27.005 (requiring dismissal of claims arising from, related to, or in response to the exercise of certain constitutional rights). Neither party sought discovery on the motion. *See id.* §§ 27.003(c) (staying all discovery upon filing of motion to dismiss), .006(b) (allowing limited discovery on merits of motion upon party's request and showing of good cause). The district court denied the motion to dismiss and Mulcahy timely perfected this appeal. *See id.* § 51.014(12) (allowing accelerated interlocutory appeal from denial of TCPA motion to dismiss); Tex. R. App. P. 28.1 (governing accelerated appeals). Cielo timely perfected cross-appeal, arguing that the district court abused its discretion in denying Cielo's request for attorneys' fees and costs.

## DISCUSSION

Mulcahy contends the district court erred by denying the motion to dismiss, raising alternative arguments that: (1) the TCPA applies to Cielo's claims; (2) Cielo cannot make out a prima facie case for the elements of its claims; and (3) Cielo's claims do not fall into any statutory exception. He further argues that he would have been entitled to a mandatory award of attorneys' fees and costs if the court had correctly disposed of his motion. *See* Tex.

3

Civ. Prac. & Rem. Code § 27.010(b). Cielo responds that even if the statute applies to its claims—a point it does not concede—it can make out a prima facie case for each element of the claims. *See id.* § 27.009(a)(1). Cielo does not contend that any exception applies.

The TCPA allows a party to move for dismissal of any "legal action that is based on, related to, or in response to [that] party's exercise of the right of free speech, right to petition, or right of association." *See id*. § 27.003. Its purpose is to "encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government," while still "protect[ing] the rights of a person to file meritorious lawsuits for demonstrable injury." *See id*. § 27.002. "To effectuate the statute's purpose, the Legislature has provided a two-step procedure to expedite the dismissal of claims brought to intimidate or to silence a defendant's exercise of these First Amendment rights." *ExxonMobil Pipeline Co. v. Coleman*, 512 S.W.3d 895, 898 (Tex. 2017) (citing Tex. Civ. Prac. & Rem. Code § 27.003) (per curiam). "Under the first step, a movant seeking to prevail on a motion to dismiss under the TCPA has the burden to 'show[ ] by a preponderance of the evidence that the [non-movant's] legal action is based on, relates to, or is in response to the [movant's] exercise of (1) the right of free speech; (2) the right to petition; or (3) the right of association.'" *Grant v. Pivot Tech. Sols., Ltd.*, 556 S.W.3d 865, 872 (Tex. App.—Austin 2018, pet. filed) (quoting Tex. Civ. Prac. & Rem. Code § 27.005(b)). In the second step, if the court "determines that the movant has met his burden to show that the TCPA applies, the burden shifts to the non[-]movant to establish 'by clear and specific evidence a prima facie case for each essential element of the claim in question.'" *Id.* at 872–73 (quoting Tex. Civ. Prac. & Rem. Code § 27.005(c)). We review the disposition of a TCPA motion to dismiss under a de novo standard of review. *Serafine v. Blunt*, 466 S.W.3d, 352, 357 (Tex. App—Austin 2015, no pet.).

4

This dispute requires us to determine whether the "exercise of the right to free speech" includes the allegations underlying Cielo's claims such that the district court erred in failing to dismiss the claims. "In determining whether a legal action should be dismissed under this chapter, the court shall consider the pleadings and supporting and opposing affidavits stating the facts on which the liability or defense is based." *See* Tex. Civ. Prac. & Rem. Code § 27.006. Here, the evidence of record includes: G&A's formal offer of employment to Mulcahy, the employment agreement executed by G&A and Mulcahy, G&A's alternate dispute resolution agreement, an image of the website of Mulcahy's subsequent employer, and two demand letters sent to that employer requesting that the employer assist in the return of the disputed hard drive. Mulcahy also filed a declaration describing his employment with Cielo, and Cielo principal Robert W. Dillard, III, filed a declaration explaining the importance of the "proprietary business information" that might be stored on the hard drive.

Even assuming all this evidence is properly considered when disposing of a TCPA motion to dismiss, *see id.*, that evidence does not satisfy Mulcahy's statutory burden to show that these claims arise from or relate to the exercise of his right to free speech, *see Grant*, 556 S.W.3d at 872. The "exercise of the right of free speech" includes any "communication made in connection with a matter of public concern." Tex. Civ. Prac. & Rem. Code § 27.001(7). "'Communication' includes the making or submitting of a statement or document in any form or medium, including oral, visual, written, audiovisual, or electronic." *Id.* § 27.001(1). "'Matters of public concern' include issues related to "community well-being," or "goods products or services in the market." *Id.* § 27.001(3). Here, the complained-of conduct is not any oral statement or written or digital document. Instead, Cielo complains that Mulcahy is wrongfully maintaining possession of a hard drive and the data saved on that hard drive in violation of his employment

5

contract and his alleged fiduciary duties to his former employer. *See Plaintiff's Verified Original Petition for Temporary and Permanent Injunctive Relief* at ¶ 22 ("Mulcahy's continued possession of Cielo's confidential and proprietary business information contravenes his contractual and fiduciary obligations to return and not misuse it."). Nowhere in this petition for relief does Cielo allege that Mulcahy has engaged in communication of any kind.

Mulcahy nevertheless argues that Cielo's claim for misappropriation of trade secrets is predicated on a potential communication[1] on a matter of public concern. As he correctly observes, it is now well settled that the TCPA's definition of "communication" encompasses allegedly tortious communication, including misappropriation of trade secrets. *See Elite Auto Body LLC v. Autocraft Bodywerks, Inc.*, 520 S.W.3d 191, 204–06 (Tex. App.—Austin 2017, pet. dism'd) (construing Section 27.001(1)). It is equally well established that many matters relating to real-estate development are "matters of public concern." *See Adams v. Starside Custom Builders, LLC*, 547 S.W.3d 890, 896 (Tex. 2018) (construing Section 27.001(7)). That said, we decline to hold that *any* exchange of information owned by a real-estate enterprise is a matter of public concern. *Cf., e.g.*, *Dyer v. Medoc Health Servs., LLC*, 573 S.W.3d 418, 428 (Tex. App.—Dallas 2019, pet. denied) ("We cannot conclude communications discussing allegedly tortious conduct are tangentially related to a matter of public concern simply because the proprietary and confidential information that was to be misappropriated belonged to a company in the healthcare industry." (citations omitted)); *see also*

---

[1] Mulcahy denies that he has communicated any information allegedly obtained from the hard drive. As Mulcahy describes it, he "has never accessed any of the information, has never disclosed the information to anyone else, and has repeatedly attempted to return the information but has been rebuffed every time." Cielo does not argue otherwise but alleges that "Mulcahy was given unfettered access to Cielo's confidential and proprietary business information" and that Cielo "is entitled to injunctive relief to prohibit Mulcahy from possessing, using, disclosing, or transferring that information."

6

*Perlman v. EKLS Firestopping & Constr., LLC*, No. 05-18-00971-CV, 2019 WL 2710752, at \*4 (Tex. App.—Dallas June 28, 2019, no pet.) (mem. op.) (gathering analogous cases). Here, neither party has produced evidence of or otherwise described the nature of the allegedly sensitive information saved to the disputed hard drive. And no one contends that Mulcahy has already disclosed that information, whatever its nature. Thus, even if we assume Mulcahy might ultimately convey this information to a third party, we cannot determine the TCPA's applicability to that hypothetical communication. *See, e.g.*, *Staff Care, Inc. v. Eskridge Enters.*, No. 05-18-00732-CV, 2019 WL 2121116, at \*5 n.3 (Tex. App.—Dallas May 15, 2019, no pet.) (mem. op.) ("Without such information, a court cannot determine whether the alleged communication falls under the statutory definitions of the TCPA." (citations omitted)); *Bacharach v. Doe*, No. 14-14-00947-CV, 2016 WL 269958, at \*3 (Tex. App.—Houston [14th Dist.] Jan. 21, 2016, no pet.) (mem. op.) ("[The movant's] conclusory and irrelevant assertions do not show, by a preponderance of the evidence, that Doe's suit was initiated in response to her exercise of the right of free speech." (citations omitted)). Mulcahy therefore has not met his burden to show that the claims arise from his exercise of the right to free speech.

Mulcahy argues in the alternative that the TCPA requires dismissal because Cielo's claims arise from his right to petition the courts. *See* Tex. Civ. Prac. & Rem. Code § 27.005(b)(2). It is not clear from the dismissal motion how Cielo's claims arise from Mulcahy's exercise of that right. Cielo's petition for relief alleges that Mulcahy obtained the hard drive during his employment and that Cielo now demands its return to protect its own allegedly confidential information. These claims arise from Mulcahy's termination—not from any legal action. Mulcahy's motion suggests the demand to return the hard drive is rooted in his refusal to arbitrate his earlier claims against Cielo. *See Cielo Prop. Grp.*, No. 03-18-00587-CV,

7

2019 WL 3023312, at *2–3. But nothing in this record supports that characterization. Thus, because conclusory statements will not suffice to satisfy a movant's burden under the TCPA, *Beving v. Beadles*, 563 S.W.3d 399, 408 (Tex. App.—Fort Worth 2018, pet. denied), the arguments in his motion are not sufficient to satisfy Mulcahy's statutory burden to show, by a preponderance of the evidence, that the TCPA requires dismissal of Cielo's claims. We therefore do not reach his second argument that he is entitled to attorney's fees and costs as a successful movant. We overrule his issues on appeal.

In its sole issue on cross-appeal, Cielo contends the district court erred by failing to award its attorneys' fees and costs upon the denial of Mulcahy's motion to dismiss. We review the disposition of a request for attorneys' fees under the TCPA for an abuse of discretion. *Sullivan v. Texas Ethics Comm'n*, 551 S.W.3d 848, 857 (Tex. App.—Austin 2018, pet. denied). A court abuses its discretion when it acts without regard for governing legal principles. *See id*. The TCPA requires an award of fees, costs, and expenses to a successful movant to the extent "justice and equity may require." *See* Tex. Civ. Prac. & Rem. Code § 27.009(a)(1). The statute requires the court to award "costs and reasonable fees" to a non-moving party only "[i]f the court finds that a motion to dismiss filed under this chapter is frivolous or solely intended to delay." *See id*. § 27.009(b). We have described a "frivolous" motion to dismiss as one that has "no basis in law or fact." *See Sullivan*, 551 S.W.3d at 857 (emphasis omitted). In this case, Cielo attempts to enjoin Mulcahy's speech on unspecified issues related to Cielo and/or the real-estate development. Given the case law discussed above, *see Starside Custom Builders*, 547 S.W.3d at 896, and *Autocraft Bodywerks*, 520 S.W.3d at 204–06, we cannot say his motion for dismissal has no basis in law or fact, and the district court therefore did not abuse its discretion in declining

8

to award Cielo the fees and costs incurred in defending against the motion.  *Cf. Sullivan*, 551 S.W. 3d at 857.  We overrule Cielo's issue on appeal.

## CONCLUSION

Because the district court did not err in its disposition of Mulcahy's motion to dismiss pursuant to chapter 27 of the Texas Civil Practices and Remedies Code and did not abuse its discretion in failing to award fees and costs to Cielo, we affirm its order denying that motion.

_____
Edward Smith, Justice

Before Chief Justice Rose, Justices Triana and Smith
  Concurring and Dissenting Opinion by Justice Triana

Affirmed

Filed:   September 13, 2019

9