**Affirmed and Opinion Filed November 12, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-00311-CV

**BYRON CURTIS COOK, Appellant**

**V.**

**KEVIN KYSER AND CHRISTOPHER COWMAN, Appellee**

**On Appeal from the 417th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 417-03417-2018**

## MEMORANDUM OPINION

Before Justices Bridges, Molberg, and Partida-Kipness
Opinion by Justice Partida-Kipness

Appellees Kevin Kyser and Christopher Cowman sued appellant Byron Curtis Cook

alleging securities fraud. The trial court denied Cook's motion to dismiss under the Texas Citizens

Participation Act. TEX. CIV. PRAC. & REM. CODE §§ 27.001–27.011 ("TCPA").[1] Because

appellees' legal action is not factually predicated on Cook's protected activity, we affirm the trial

court's order.

### BACKGROUND

Cook is a Manager of Unity Resources, LLC ("Unity") and the single largest equity owner

in Unity. Legacy Income Royalty Fund ("LIRF") is one of several Unity-affiliated companies. In

---

[1] The TCPA was recently amended, effective September 1, 2019. Act of May 17, 2019, 86th Leg., R.S., ch. 378, §§ 1–9, § 12, secs. 27.001, 27.003, 27.005–.007, 27.0075, 27.009–.010 (to be codified at TEX. CIV. PRAC. & REM. CODE §§ 27.001, 27.003, 27.005–.007, 27.0075, 27.009–.010). The foregoing amendments do not apply to this case, which was filed before the effective date of the amendments.

2014, Cowman invested $95,000 into LIRF, and Kyser made an investment of $47,500 into LIRF. In 2018, Cowman and Kyser brought suit against Cook, LIRF, Legacy Income Properties, L.L.C. ("Legacy"), and Trade Rare, LLC ("Trade Rare") alleging claims for fraud, breach of fiduciary duty, conspiracy, and violations of the Texas Securities Act in connection with their investments. They alleged that Cook was jointly and severally liable with Legacy and LIRF "because of his direct control of Legacy or LIRF as the issuer or offeror or because of his material aid to Defendants Legacy or LIRF with intent to deceive or defraud or with reckless disregard for the truth or the law." Appellees' operative petition added allegations that Cook was the alter ego of Legacy, LIRF, and Trade Rare.

Cook filed a TCPA motion to dismiss appellees' claims. He maintained that appellees filed suit at the behest of and to benefit appellees' friend Ken Paxton "as part of an intimidation and disparagement campaign" against Cook, in "retaliation for Cook's cooperation and participation in the criminal investigation and prosecution of Paxton for securities fraud." Texas Attorney General Paxton had solicited Cook's investment in Servergy, Inc. (an entity that is not a party to this case), and the Texas Rangers interviewed Cook in connection with an investigation of Paxton and Servergy. Paxton was subsequently indicted on charges including securities fraud in connection with the solicitation, and the Securities and Exchange Commission filed a civil action against him. Cook argued that by cooperating with law enforcement's investigation, he was exercising protected speech rights, and, as such, appellees' lawsuit "relates to or is in response to" Cook's exercise of the right of free speech. He also contended that his statements to law enforcement "regarding possible criminal activity" were an exercise of his right to petition. Cook also argued that appellees could not show clear and specific evidence to support their prima facie case, and regardless, appellees' claims were barred by limitations.

The trial court permitted limited discovery at the parties' request. After a hearing, the TCPA motion was overruled by operation of law and this appeal followed. In three issues, Cook argues that the TCPA applies, appellees failed to establish a prima facie case on each element of their claims by clear and specific evidence, and appellees' claim for securities fraud was barred by limitations.

## STANDARDS OF REVIEW

We review de novo the trial court's ruling on a motion to dismiss under the TCPA. *Dyer v. Medoc Health Servs.*, 573 S.W.3d 418, 424 (Tex. App.—Dallas 2019, pet. denied). "In conducting this review, we consider, in the light most favorable to the non-movant, the pleadings and any supporting and opposing affidavits stating the facts on which the claim or defense is based." *Fishman v. C.O.D. Capital Corp.*, No. 05-16-00581-CV, 2017 WL 3033314, at *5 (Tex. App.—Dallas July 18, 2017, no pet.) (mem. op.); *see also* TCPA § 27.006(a). Whether the TCPA applies to appellees' claims is an issue of statutory interpretation that we also review de novo. *Dyer*, 573 S.W.3d at 424.

## DISCUSSION

In *Riggs & Ray, P.C. v. State Fair of Texas*, this Court explained:

> In order to trigger the TCPA's protection, the legal action must be factually predicated on the alleged conduct that falls within the scope of the TCPA's definition of the right of free speech, petition, or association. If this nexus is missing, then the statute does not apply.

No. 05-17-00973-CV, 2019 WL 4200009, at *4 (Tex. App.—Dallas Sept. 5, 2019, no pet. h.) (mem. op.) (internal quotations and emphasis omitted). In his first issue, Cook acknowledges that appellees' petition says nothing about the criminal investigation:

1. Does the Texas Citizens Participation Act (TCPA) apply to a lawsuit brought in retaliation for a defendant's cooperation in a criminal investigation and prosecution, even when the plaintiffs' pleadings do not specifically reference the defendant's participation in the criminal proceedings, such that the plaintiffs must put forward prima facie evidence to proceed with the suit?

But Cook explained in his motion to dismiss that "this suit seeks to gin up securities fraud claims so that Paxton can accuse Cook of the same kind of misconduct for which Paxton is being prosecuted."

Cook argues that he and Paxton were both managers of and investors in Unity, which, through several related LLCs, arranged private offerings in LIRF and other oil and gas investment funds. Cook contends that Paxton would have responsibility equal to his for any liability to appellees in this suit. Cook avers that appellees would not have sued Cook alone if their "true aims were to recover over $1,000,000 from solvent defendants." He concludes that appellees' failure to join Paxton and other Unity managers in this suit is evidence of appellees' retaliatory motive and shows that the suit was brought "in response to" Cook's participation in the investigation and prosecution of Paxton. Cook also maintains that appellees' choice of counsel shows their retaliatory motive, noting that appellees are represented in this suit by the counsel who represent Paxton in the SEC suit and represent other Paxton allies who have been recruited to bring identical suits against Cook. Cook also quotes from an article by "Paxton spin doctor Jon Cassidy," in which Cassidy opined that the suits by Paxton's allies alleging that Cook engaged in securities fraud—the same conduct alleged against Paxton in the SEC's suit—weakened Cook's credibility in the proceedings against Paxton and put Cook "in a bind."

In sum, Cook contends appellees' claims "were part of a retaliatory scheme targeting Cook as a key witness against Paxton." He contends that appellees brought the underlying lawsuit "in response to" his protected speech and his right to petition. *See* TCPA § 27.003 (party may file motion to dismiss action that is based on, relates to, or is in response to party's exercise of right of free speech, right to petition, or right of association). "'Exercise of the right of free speech' means a communication made in connection with a matter of public concern." TCPA § 27.001(3). Cook argues that his statements to the Texas Rangers related to Paxton's criminal conduct, a matter of

–4–

public concern relating to economic or community well-being under TCPA section 27.001(7)(B), and to a "good, product, or service in the marketplace" under TCPA section 27.001(7)(E). He also argues that he exercised his right to petition because his communications with the Texas Rangers were "in or pertaining to" a judicial proceeding or official proceeding as defined in TCPA sections 27.001(4)(A)(i), 27.001(4)(A)(ii), 27.001(4)(B), and 27.001(4)(C).

We first note that Cook did not plead or show the content of any particular "communication" he alleges he made to the Texas Rangers, nor did appellees' petition make any such reference.[2] The TCPA's definitions of the right of free speech and the right to petition both require a "communication." *See* TCPA § 27.001(3), (4). As defined in the TCPA, a "communication" "includes the making or submitting of a statement or document in any form or medium, including oral, visual, written, audiovisual, or electronic." TCPA § 27.001(1). Without pleading or evidence of the alleged communication's content, it is difficult to review Cook's contention that appellees' suit is "in response to" the communication, even under the supreme court's directive that a communication's "tangential relationship" to a matter of public concern is sufficient to establish exercise of the right of free speech. *See ExxonMobil Pipeline Co. v. Coleman*, 512 S.W.3d 895, 900 (Tex. 2017) (per curiam). This is especially true because neither Paxton nor Servergy, the alleged subjects of the communication, is a party to this lawsuit. This difficulty is compounded in reviewing Cook's allegation that the communication was "reasonably likely to encourage consideration or review of any issue by a legislative, executive, judicial, or

---

[2] In an affidavit submitted to the trial court, Cook stated: "During the Spring of 2015, I met with the Texas Rangers at their request to answer questions about Paxton's solicitation of my investment in a company called Servergy Inc. I understood that I was cooperating and participating in an investigation into potential criminal conduct on Paxton's part." He continued, "Subsequently, in July 2015, a Collin County grand jury indicted Paxton on criminal securities fraud charges related in part to Paxton's solicitation of investments in Servergy." As appellees pointed out in their response to Cook's TCPA motion, their pleadings "in no way reference the communications made by Cook to the Texas Rangers" and appellees "do not even know what Cook is alleged to have said or to whom he is alleged to have said it." Appellees also argued, "it is impossible to say whether Cook's alleged communications to Texas Rangers involved a 'matter of public concern' such that he can base his Motion on the exercise of his right to free speech."

other governmental body or in another governmental or official proceeding" under TCPA section 27.001(4)(C), because Cook does not identify the "issue" that might prompt review.

Although Cook relies on several cases for the proposition that filing a police report constitutes the exercise of the right to petition for purposes of the TCPA, in each case, the substance of the report was included in the record. *See Robert B. James, DDS, Inc. v. Elkins*, 553 S.W.3d 596, 602 (Tex. App.—San Antonio 2018, pet. denied) (defendants made statements to police department that plaintiff stole money from a dental practice); *Ford v. Bland*, No. 14-15-00828-CV, 2016 WL 7323309, at *1 (Tex. App.—Houston [14th Dist.] Dec. 15, 2016, no pet.) (mem. op.) (plaintiff filed complaint with police alleging that defendant switched stone in his wife's wedding ring during refurbishment); *Murphy USA, Inc. v. Rose*, No. 12-15-00197-CV, 2016 WL 5800263, at *3 (Tex. App.—Tyler Oct. 5, 2016, no pet.) (mem. op.) (gas station manager reported to police that plaintiff attempted to steal gas). And in each case, in contrast to Cook's Texas Rangers interview, the report to law enforcement was about a party to the lawsuit. For the reasons we discuss below, however, even if we were to conclude that Cook has shown a "communication" by a preponderance of the evidence, he has not met his burden to show that appellees' legal action is "in response to" that communication. *See* TCPA § 27.005(b).

Cook argues that as long as he shows that appellees' suit is "in response to" Cook's exercise of protected rights, he need not show that it is "based on" or "relates to" that exercise. *See* TCPA § 27.005(b) (court may dismiss legal action if moving party shows the action "is based on, relates to, or is in response to the party's exercise of" protected right). In *Riggs & Ray*, however, we explained that "[a]ny activities by the movant that are not a factual predicate for the non-movant's claims are not pertinent to our inquiry regarding whether the TCPA applies." *Riggs & Ray*, 2019 WL 4200009, at *4; *see also Stroud v. Clearview Energy*, No. 05-18-00729-CV, 2019 WL

1930176, at *6–8 (Tex. App.—Dallas May 1, 2019, no pet.) (mem. op.) (where plaintiff's claims were not in response to matters expressed in defendant's email, TCPA did not apply).

"We cannot 'blindly accept' attempts by the movant to characterize the claims as implicating protected expression." *Damonte v. Hallmark Fin. Servs., Inc.*, No. 05-18-00874-CV, 2019 WL 3059884, at *5 (Tex. App.—Dallas July 12, 2019, no pet.) (mem. op.) (quoting *Sloat v. Rathbun*, 513 S.W.3d 500, 504 (Tex. App.—Austin 2015, pet. dism'd)). "To the contrary, we view the pleadings in the light most favorable to the non-movant, favoring the conclusion that its claims are not predicated on the protected expression." *Id.* at *5. Cook relies on the concurrence opinion in *Damonte* for the proposition that a legal action could be brought "in response to" a protected communication "regardless of whether the legal action on its face has anything to do with the statement's content, or with the statement at all." *See id.* (Whitehill, J., concurring). But as the concurrence recognizes, the movant's burden of "[p]roving that the subject communication prompted the challenged legal action" by a preponderance of the evidence "may be difficult when the subject pleading does not assert a claim based on the communication's content." *Id.* We conclude that Cook did not meet that burden. Cook does not dispute that appellees' pleadings do not mention Cook's interview with the Texas Rangers or make any reference to Paxton or Servergy. Nor is there any evidence that appellees were involved in any way with the Texas Rangers's investigation. According to Cook, his interview was about Paxton, not Cowman or Kyser. Appellees' allegations are that Cook made misrepresentations in the sale of securities. "Any activities [by Cook] that are not a factual predicate for [appellees'] claims are not pertinent to our inquiry regarding whether the TCPA applies." *See Damonte*, 2019 WL 3059884, at *5.

We conclude Cook did not meet his burden to establish by a preponderance of the evidence that appellees' legal action is based on, relates to, or is in response to Cook's exercise of the right

of free speech or the right of petition. *See* TCPA § 27.005(b). Consequently, the TCPA does not apply. *See Riggs & Ray*, 2019 WL 4200009, at \*6. We decide Cook's first issue against him.

Cook's second and third issues are dependent on the TCPA's application to appellees' claims and Cook's limitations defense. *See* TCPA § 27.005(c), (d) (burden-shifting to establish prima facie case and essential elements of defense); *In re Lipsky*, 460 S.W.3d 579, 586–87 (Tex. 2015) (orig. proceeding) (discussing burden-shifting under TCPA). For that reason, we need not consider them. *Riggs & Ray*, 2019 WL 4200009, at \*6 (not considering remaining issues and cross-appeal after concluding TCPA did not apply); *Sullivan v. Tex. Ethics Comm'n*, 551 S.W.3d 848, 856 n.6 (Tex. App.—Austin 2018, pet. denied) ("Because we hold that the TCPA does not apply, we do not reach the second step in the TCPA analysis of whether [the non-movant] met its burden to prove a prima facie case.").

## CONCLUSION

We affirm the trial court's order denying Cook's motion to dismiss.

/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE

190311F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

BYRON CURTIS COOK, Appellant

No. 05-19-00311-CV        V.

KEVIN KYSER AND CHRISTOPHER
COWMAN, Appellee

On Appeal from the 417th Judicial District
Court, Collin County, Texas
Trial Court Cause No. 417-03417-2018.
Opinion delivered by Justice Partida-
Kipness. Justices Bridges and Molberg
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee KEVIN KYSER AND CHRISTOPHER COWMAN recover their costs of this appeal from appellant BYRON CURTIS COOK.

Judgment entered this 12th day of November 2019.