**Opinion issued March 18, 2021.**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-19-00505-CV

————————————

**LLANELLY ENTERPRISES LTD., Appellant**

**V.**

**HARRY A. BOUKNIGHT, JR., Appellee**

---

**On Appeal from the 295th District Court**
**Harris County, Texas**
**Trial Court Case No. 2019-09066**

---

## MEMORANDUM OPINION

This case involves the pre-2019 version of the Texas Citizens Participation

Act ("TCPA").[1] In this interlocutory appeal, appellant, Llanelly Enterprises Ltd.

---

[1] The TCPA's recent amendments became effective September 1, 2019. *See* Act of May 17, 2019, 86th Leg., R.S., ch. 378, §§ 1–12 (codified at TEX. CIV. PRAC. & REM. CODE §§ 27.001–.010). Because this lawsuit was filed on February 5, 2019, it

("Llanelly"), challenges the trial court's denial of its motion to dismiss under the TCPA the claim for declaratory judgment filed by appellee, Harry A. Bouknight, Jr.[2] Because we conclude that the TCPA does not apply to Bouknight's claim, we affirm.

## BACKGROUND

In December 2012, Chris Wilmot contracted to purchase real property located at 5339 Tilbury Drive, Houston, Texas ("the Property"). At that time, Wilmot, through his wholly owned company, paid $100,000.00 under the purchase agreement. However, on January 30, 2013, the purchase contract was amended to name Llanelly as the buyer, and, on February 8, 2013, a deed was executed identifying Llanelly as the owner. Wilmot has lived in the house without paying rent since the time of the sale.

In November 2012, before the sale of the Property, Bouknight and Wilmot went to trial in the 295th District Court on an unrelated matter. In June 2013, after the sale of the Property, the court entered a judgment in Bouknight's favor against Wilmot for $1,337,500.00.

---

is governed by the pre-amendment version of the TCPA, and our citations refer to that version.

[2]    *See* TEX. CIV. PRAC. & REM. CODE §§ 27.008, 51.014(a)(12).

In December 2018, Bouknight, attempting to collect on his judgment against Wilmot, filed an Application for Turnover seeking, in part, turnover of the Property, arguing that Wilmot, not Llanelly, actually owns the Property. After several hearings on Bouknight's Application for Turnover, the trial court granted the application in part, appointing a receiver for the limited purpose of receiving and holding an instrument that released any rights and interest Wilmot has in the Property. Wilmot was permitted to remain living on the Property until the court determined whether Wilmot or Llanelly owned the Property.

In February 2019, Bouknight filed the underlying claim for declaratory relief against Llanelly. Bouknight sought judicial review of the deed to the Property and a determination of Wilmot's and Llanelly's interests in the Property in order to establish whether the Property could be subject to Bouknight's requested turnover relief requested against Wilmot. Specifically, Bouknight's First Amended Request for Declaratory Judgment stated that it was "intended to resolve uncertainty over the legal rights and effect, if any, of a 'sham' deed and lease to purchase agreement for a residence occupied by judgment debtor [Wilmot], located at 5339 Tilbury Dr. Houston, Texas[.]" Bouknight's petition further alleged that, "[i]n apparent support of Wilmot's scheme to conceal his interest in the Property, Wilmot's longtime friend

and benefactor Chief Tunde Afolbi[3] signed a Statutory Durable Power of Attorney authorizing Wilmot 'to act as its Agent for the purchase of [the Property]' and to 'act for me in any lawful way with respect to the following Real Estate transaction[.]" The petition further asserted that "Wilmot intended to purchase the Property in his own name, but fearful of a likely adverse judgment [in the suit between Wilmot and Bouknight] concocted a scheme to conceal his ownership interest by insisting that the name 'Llanelly Enterprises, Limited' be placed on the deed." Bouknight's petition requested that the "[c]ourt recognize Wilmot's ownership interest (and the absence of Llanelly's rights) in the Property, issue findings setting forth the nature and extent of that interest, and order it to be sold in satisfaction of the underlying judgment."

In response to Bouknight's request for a declaratory judgment, Llanelly filed a Motion to Dismiss under the TCPA. Llanelly's Motion to Dismiss alleged that Wilmot was merely Llanelly's tenant, albeit a non-paying tenant in default, and that Wilmot had no interest in the Property. Llanelly further argued that Bouknight's request for a declaratory judgment should be dismissed under the TCPA because "Bouknight's allegations challenge[d] Llanelly's right to associate with Wilmot to pursue and accomplish Llanelly's purchase of (the Property)."

---

[3] The exact relationship between Chief Tunde Afolbi and Llanelly is not specified in Bouknight's petition.

The trial court denied Llanelly's Motion to Dismiss, finding, among other things, that the TCPA did not apply. Llanelly now brings this interlocutory appeal.

## PROPRIETY OF DISMISSAL UNDER TCPA

In four issues, Llanelly contends that (1) "[d]ismissal is required because subject-matter jurisdiction is lacking"; (2) "[t]he trial court erred in concluding that the TCPA does not apply"; (3) "[t]he trial court erred in concluding that Bouknight met his burden to prove a prima facie case of each essential element of his legal actions and that Llanelly failed to prove any defense"; and (4) the trial court erred in making "several additional Findings of Fact."

### *Standard of Review*

We review de novo the denial of a TCPA motion to dismiss. *Better Bus. Bureau of Metro. Hous., Inc. v. John Moore Servs.*, Inc., 441 S.W.3d 345, 353 (Tex. App.—Houston [1st Dist.] 2013, pet. denied). In making this determination, the court views the pleadings and evidence in the light most favorable to the nonmovant. *Schimmel v. McGregor*, 438 S.W.3d 847, 855–56 (Tex. App.—Houston [1st Dist.] 2014, pet. denied). Whether the TCPA applies is an issue of statutory interpretation that we also review de novo. *Youngkin v. Hines*, 546 S.W.3d 675, 680 (Tex. 2018).

### *Applicable Law*

The TCPA "is a bulwark against retaliatory lawsuits meant to intimidate or silence citizens on matters of public concern." *Dallas Morning News, Inc. v. Hall*,

579 S.W.3d 370, 376 (Tex. 2019). It is intended "to identify and summarily dispose of lawsuits designed only to chill First Amendment rights, not to dismiss meritorious lawsuits." *In re Lipsky*, 460 S.W.3d 584, 589 (Tex. 2015).

A party invoking the TCPA's protections by filing a motion to dismiss must show by a preponderance of the evidence that the TCPA applies. *See* TEX. CIV. PRAC. & REM. CODE § 27.003; *see also id.* § 27.005(b). The applicable version of the TCPA mandates the dismissal of a "legal action" that is "based on, relates to, or is in response to the [moving] party's exercise of (1) the right of free speech; (2) the right to petition; or (3) the right of association." *Id.* § 27.005(b); *In re Lipsky*, 460 S.W.3d at 586–87.

Once the movant shows that the TCPA applies, the burden shifts to the nonmovant to establish "by clear and specific evidence a prima facie case for each essential element" of its claim. TEX. CIV. PRAC. & REM. CODE § 27.005(c). The nonmovant can avoid this burden-shifting requirement by demonstrating that one of the TCPA's exceptions applies. *See id.* § 27.010(b).

### Lack of Standing

Llanelly contends that the trial court should have dismissed the case "for two independent reasons." First, he argues that "the trial court lacked subject-matter jurisdiction because Bouknight does not have standing to assert rights he claims a different person—Wilmot—owns." Second, he contends that "this case should have

been dismissed under the pre-amendment version of the TCPA, which is applicable here[.]" However, we have jurisdiction in this interlocutory appeal to consider only the second ground Llanelly urges.

A lack of subject-matter jurisdiction may be raised by a plea to the jurisdiction or a motion for summary judgment. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555, n.39 (Tex. 2000). Appellant has cited no authority to show that it may be raised in a TCPA Motion to Dismiss. And, although appellant filed a Plea to the Jurisdiction in the trial court, he did not obtain a ruling on it, and it is not before this Court on interlocutory appeal.

Even though the trial court's Findings of Fact and Conclusions of Law mention the issue of jurisdiction, we may not consider such an ancillary ruling in this interlocutory appeal. *See Schlumberger Ltd. v. Rutherford*, 472 S.W.3d 881, 891 (Tex. App.—Houston [1st Dist.] 2015, no pet.) ("We conclude that the denial of a motion to dismiss does not provide an avenue of interlocutory appeal to all other ancillary rulings contained within the same written 'interlocutory order.'").

Accordingly, we do not address Llanelly's claim that the trial court lacked subject-matter jurisdiction.

***Exercise of Right of Association***

Llanelly contends that Bouknight's claims are based on the exercise of its right of association. When this suit was filed, the TCPA defined the "exercise of the right

7

of association" as "a communication between individuals who join together to collectively express, promote, pursue, or defend common interests." TEX. CIV. PRAC. & REM. CODE § 27.001(2). A "communication" is defined as "making or submitting of a statement or document in any form or medium, including oral, visual, written, audiovisual, or electronic." *Id.* § 27.001(1)

Llanelly contends that "Bouknight's petition is "rife with allegations that Llanelly and Wilmot joined together collectively to pursue their common interest in Llanelly's purchase of the House and its lease to Wilmot." Llanelly points to Bouknight's petition, which: (1) asks the court to hold accountable Wilmot and all those who act in concert with him; (2) asks the court to infer that Wilmot was jointly controlling Llanelly's funds; (3) alleges that Llanelly jointly schemed with Wilmot to conceal Wilmot's assets; and (4) references Wilmot's association with Llanelly as Llanelly's agent in purchasing Llanelly's house.

Llanelly also points to the following communications "clearly expressing [Llanelly and Wilmot's] common interest," including: (1) the Statutory Durable Power of Attorney that permitted Wilmot to act as Llanelly's agent in purchasing the Property for Llanelly; (2) the amendments of the New Home Contract, pursuant to which Llanelly was named as the buyer who would close on the purchase of the Property; (3) the closing documents and funds transfers by which Llanelly purchased

8

the Property; and (4) a Lease to Purchase Agreement, in which Llanelly and Wilmot expressed their common interest in Llanelly renting the Property to Wilmot.

Llanelly contends that the TCPA "protects the right of private associations without a public purpose." Thus, his right to associate with Wilmot was implicated by the TCPA because of the "common interest" in their relationship to the Property at issue in the case.

However, in *Gaskamp v. WSP USA, Inc.*, 596 S.W.3d 457, 476 (Tex. App.—Houston [1st Dist.] 2020, pet. dism'd) (en banc), this Court concluded that "with respect to the pre-amendment version of the TCPA, the proper definition of 'common' in the phrase 'common interests' [as used in "exercise of the right of association"] is 'of or relating to a community at large: public.'" 596 S.W.3d at 476. In *Gaskamp*, the plaintiff alleged that former employees had jointly formed a new business venture, misappropriated trade secrets, and conspired to commit related torts to enrich themselves. *See id.* Because the *Gaskamp* allegations "involved misappropriating . . . trade secrets and conspiring to commit related torts, benefit[ing] only the five alleged tortfeasors," and the nonmovant's pleading did not allege any "public or community interests," the Court held that the movants did not meet their burden of showing, by a preponderance of the evidence, that the nonmovant's suit was based on, related to, or was in response to the movants' exercise of the right of association. *Id.*

The same is true here. The relationship between Llanelly and Wilmot—whether landlord/tenant, principal/agent, or other—is purely private in nature and is not of concern to anyone beyond those parties. No "public or community interest" is alleged, but instead only private interests that benefit the private parties involved in the relationship. *See id.*

As such, we conclude that Llanelly did not meet its burden of showing by a preponderance of the evidence that Bouknight's claim is based on, related to, or in response to Llanelly's "exercise of the right of association" under the TCPA. *See* TEX. CIV. PRAC. & REM. CODE § 27.001(2). Accordingly, we overrule Llanelly's issue claiming that the trial court erred in concluding that the TCPA did not apply.

*Other Issues*

In two remaining issues, Llanelly contends that (1) "[t]he trial court erred in concluding that Bouknight met his burden to prove a prima facie case of each essential element of his legal actions and that Llanelly failed to prove any defense"; and (2) the trial court erred in making "several additional Findings of Fact."

Regarding the first issue, given our conclusion that the TCPA does not apply to Bouknight's lawsuit, we need not address Llanelly's issue challenging whether Bouknight failed to meet his burden to prove a prima facie case. *See, e.g., Sullivan v. Tex. Ethics Comm'n*, 551 S.W.3d 848, 856 n.6 (Tex. App.—Austin 2018, pet. denied) ("Because we hold that the TCPA does not apply, we do not reach the second

10

step in the TCPA analysis of whether [the nonmovant] met its burden to prove a prima facie case."); *see also* TEX. R. APP. P. 47.1.

Similarly, Llanelly's issue about erroneous Findings of Fact goes to whether Bouknight's evidence is sufficient to prove a prima facia case of each essential element of his legal action. Because we have held that the TCPA does not apply, whether the trial court's evidentiary findings were correctly decided is irrelevant because those findings go to an issue that we do not reach, i.e., whether Bouknight proved a prima facie case. Thus, we need not review the sufficiency of the evidence to support the challenged fact findings. *See id.*

We overrule Llanelly's remaining issues.

## CONCLUSION

We affirm the trial court's interlocutory order denying Llanelly's Motion to Dismiss under the TCPA.


Sherry Radack
Chief Justice

Panel consists of Chief Justice Radack and Justices Goodman and Farris.

11