# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-21-00270-CV

---

**Scott Ogle, Appellant**

**v.**

**Damon C. O'Gan, Appellee**

---

### FROM COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY
### NO. C-1-CV-18-010445, THE HONORABLE TODD T. WONG, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Scott Ogle appeals from the portion of the trial court's final judgment that denied him an award of attorney's fees and costs. For the following reasons, we affirm the trial court's judgment.

## BACKGROUND

Ogle filed a lawsuit against Damon C. O'Gan for theft of a cell phone. He raised claims for intentional infliction of emotional distress, unjust enrichment, and violation of the Texas Theft Liability Act (TTLA). *See* Tex. Civ. Prac. & Rem. Code § 134.002. The trial court granted in part O'Gan's motion filed pursuant to Section 27.003 of the Texas Citizens Participation Act (TCPA), dismissing Ogle's claims for intentional infliction of emotional

distress and unjust enrichment. *See id.* § 27.003.[1]  This Court affirmed that ruling except for the portion that denied O'Gan's request for attorney's fees and costs and remanded the cause for a determination of attorney's fees and costs. *See id.* § 27.009; *O'Gan v. Ogle*, No. 03-19-00234-CV, 2020 WL 217176, at *5 (Tex. App.—Austin Jan. 15, 2020, pet. denied) (mem. op.).

On remand, Ogle filed a motion to recover his attorney's fees and costs, in which he argued that O'Gan's TCPA motion was "partially frivolous" because the trial court denied it as to his TTLA claim (which ruling this Court affirmed).  He did not attach evidence or set the motion for a hearing but later filed two affidavits in support of his motion.  On April 28, 2021, the trial court conducted an evidentiary hearing on the amount of attorney's fees and costs to which O'Gan was entitled and noted that it would consider Ogle's motion by submission. Thereafter, Ogle filed a notice of nonsuit of his remaining theft claim, and the trial court denied his motion for attorney's fees.  In its final judgment of May 26, 2021, the trial court awarded O'Gan $51,195.13 in attorney's fees and $809.00 in costs, dismissed Ogle's remaining claim with prejudice in accordance with his notice of nonsuit, and denied Ogle's request for reconsideration of his request for attorney's fees.  Ogle perfected this appeal from the final judgment, complaining only of the trial court's denial of his motion for attorney's fees.

---

[1] All citations in this opinion to the TCPA are to the version in effect before the September 2019 amendments became effective. *See* Act of May 21, 2011, 82d Leg., R.S., ch. 341, § 2, 2011 Tex. Gen. Laws 961, 961–64 (current version at Tex. Civ. Prac. & Rem. Code §§ 27.001–.011), amended by Act of May 24, 2013, 83d Leg., R.S., ch. 1042, §§ 1–3, 5, 2013 Tex. Gen. Laws 2499, 2499–500 (version at issue in this opinion); *see also* Act of May 17, 2019, 86th Leg., R.S., ch. 378, §§ 1–12, 2019 Tex. Gen. Laws 684, 684-87 (amending TCPA and providing that suit filed before amendments become effective "is governed by the law in effect immediately before that date").

2

## DISCUSSION

In one issue, Ogle contends that the trial court abused its discretion in denying his requested attorney's fees. *See Sullivan v. Texas Ethics Comm'n*, 551 S.W.3d 848, 857 (Tex. App.—Austin 2018, pet. denied) (noting that appellate court reviews trial court's decision to award attorney's fees for abuse of discretion). A trial court abuses its discretion when it acts without reference to any guiding rules or principles. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990). Ogle argues that the trial court's denial of O'Gan's TCPA motion as to Ogle's TTLA claim, which this Court affirmed, effectively constitutes a finding that the TCPA motion was—at least "partially"—frivolous, entitling him to an award of attorney's fees. We disagree.

While the TCPA provides for a mandatory award of attorney's fees to a party who *prevails* on its motion to dismiss (like O'Gan here), it provides for only a discretionary award of attorney's fees to a nonmovant (like Ogle):

> (a) If the court orders dismissal of a legal action under this chapter, the court shall award to the moving party:
>
>> (1) Court costs, reasonable attorney's fees, and other expenses incurred in defending against the legal action as justice and equity may require; and
>>
>> (2) Sanctions against the party who brought the legal action as the court determines sufficient to deter the party who brought the legal action from bringing similar actions described in this chapter.
>
> (b) If the court finds that a motion to dismiss filed under this chapter is frivolous or solely intended to delay, the court may award court costs and reasonable attorney's fees to the responding party.

Tex. Civ. Prac. & Rem. Code § 27.009. Thus, for a nonmovant such as Ogle, an award of attorney's fees not only is discretionary but also is predicated on the trial court finding that the motion to dismiss was either frivolous or solely intended to delay. *See id.* § 27.009(b); *Sullivan*,

3

551 S.W.3d at 856–57. Ogle contends only that O'Gan's motion was frivolous, not that it was solely intended to delay.

A TCPA motion is frivolous if it has no basis in law or fact. *See Sullivan*, 551 S.W.3d at 857. It was Ogle's burden to put forth evidence to support both his entitlement to attorney's fees and the reasonableness and necessity of the amount. *See id.* Ogle did not submit evidence as to frivolity but merely argued to the trial court that because O'Gan's motion was denied as to the theft claim, such denial established that the motion was frivolous. Ogle also contends that in his motion, O'Gan failed to set forth any facts or legal basis for dismissal of Ogle's theft claim, but the TCPA expressly permits a party to assert that the opposing party cannot establish a prima facie case for each element of the claim in question, which is what O'Gan asserted in his motion after setting forth the elements of theft. *See Hersh v. Tatum*, 526 S.W.3d 462, 468 (Tex. 2017) (noting that once movant establishes that TCPA applies, burden shifts to nonmovant to establish prima facie case for each element of claim).

The trial court made no fact findings about whether O'Gan's motion was frivolous, and Ogle did not request any. Yet a finding that a motion to dismiss is "not well taken" must precede an award of the respondent's attorney's fees under Subsection 27.009(b). *In re Estate of Calkins*, 580 S.W.3d 287, 300 (Tex. App.—Houston [1st Dist.] 2019, no pet.). Furthermore, when a trial court makes no findings of fact, and a party does not request them, that party must overcome the presumption that the trial court found facts in favor of its order if there is any probative evidence to support it, and the judgment will be sustained on any legal theory supported by the evidence. *See Stoufflet v. Stoufflet*, No. 03-08-00003-CV, 2009 WL 722280, at *4–5 (Tex. App.—Austin Mar. 20, 2009, no pet.) (mem. op.). Finally, even if the trial court had made one of the requisite findings to support an award to Ogle, its decision on whether

4

to award fees would still have been entirely within its discretion. *See Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998) (noting that when statute provides that court "may" award court costs and attorney's fees, whether to make such award is entirely within court's discretion); *Texas Mun. Power Agency v. Public Util. Comm'n*, 100 S.W.3d 510, 515 n.5 (Tex. App.—Austin 2003, pet. denied) (noting that trial court retains "absolute discretion" to decline to award attorney's fees under statute providing that trial court "may" award them).

The mere denial of a TCPA motion, without more, does not constitute a finding that the motion was frivolous. *TotalGen Servs., LLC v. Thomassen Amcot Int'l, LLC*, No. 02-20-00015-CV, 2021 WL 210845, at *6 (Tex. App.—Fort Worth Jan. 21, 2021, no pet.) (mem. op.). Ogle cites nothing else in the record to support his argument, and the trial court did not make the requisite finding to support what would have been a purely discretionary award of fees even given such finding. On this record, we cannot conclude that the trial court abused its discretion in refusing to award Ogle attorney's fees and costs.

## CONCLUSION

Having overruled Ogle's sole appellate issue, we affirm the trial court's final judgment.

_____

Thomas J. Baker, Justice

Before Justices Goodwin, Baker, and Smith

Affirmed

Filed: August 10, 2022

5