

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-20-00015-CV

———————————————

TOTALGEN SERVICES, LLC, Appellant

V.

THOMASSEN AMCOT INTERNATIONAL, LLC, Appellee

On Appeal from the 67th District Court
Tarrant County, Texas
Trial Court No. 067-310073-19

Before Sudderth, C.J.; Kerr and Birdwell, JJ.
Memorandum Opinion by Chief Justice Sudderth

# MEMORANDUM OPINION

## I. Introduction

This is yet another case involving the pre-2019 version of the Texas Citizens Participation Act (TCPA)[1] in which one party tries to shoehorn the other party's pleadings into the statute's purview.

Appellee Thomassen Amcot International, LLC (TAI), a worldwide broker of power-generating equipment, sued Appellant TotalGen Services, LLC for breach of contract, alleging that TotalGen had deprived it of a $645,000 commission on a $3.4 million transaction involving the sale of a 2012 Solar Titan 130 Gas Turbine Generator Package and a Deltak Heat Recovery System Generator.

According to TAI, it had entered into a "Mutual Confidentiality and Equipment Sourcing Agreement" with TotalGen under which it had disclosed proprietary and confidential information to TotalGen in brokering the sale of the two pieces of equipment from MP Mine Operations, LLC to either TotalGen or TotalGen's customer, Siouxland Energy Cooperative. TAI alleged that the parties' agreement had required TotalGen to obtain a nondisclosure agreement with a non-circumvention provision from Siouxland *before* disclosing to Siouxland any

---

[1]The TCPA's recent amendments became effective September 1, 2019. *See* Act of May 17, 2019, 86th Leg., R.S., ch. 378, §§ 1–12 (codified at Tex. Civ. Prac. & Rem. Code Ann. §§ 27.001–.010). Because the instant lawsuit was filed on August 16, 2019, it is governed by the pre-amendment version of the TCPA, and our citations refer to that version.

information about the equipment (so that TAI could claim its commission) but instead, once TotalGen obtained the proprietary and confidential information from TAI, TotalGen had actively assisted Siouxland in buying the equipment directly from MP.

TotalGen filed a motion to dismiss under the TCPA, stating that when TAI alleged in its original petition that "TotalGen gave Siouxland all the information about the Equipment" and "actively assisted Siouxland in purchasing the equipment directly from MP," TAI's breach-of-contract claim was based on or in response to TotalGen's exercise of the right of free speech or right of association. *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.003. The trial court denied the motion.

In the first two of five issues in this accelerated interlocutory appeal, TotalGen complains that the trial court erred by denying its motion. *See id.* §§ 27.008, 51.014(a)(12). And in its fifth issue, TotalGen asserts that the trial court erred by awarding attorney's fees to TAI.[2] *See id.* § 27.009(b).

---

[2]TotalGen acknowledges that any order other than the motion to dismiss cannot be reviewed in the instant interlocutory appeal. Further, because of the automatic stay of all other proceedings in the case that occurred when TotalGen filed this interlocutory appeal, *see* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(b), the trial court has not yet issued an order awarding the attorney's fees. However, in its order denying TotalGen's TCPA motion, the trial court made findings in support of an award of attorney's fees to TAI, and we have reviewed these in the interest of judicial economy. *See, e.g.*, *Masterson v. Diocese of Nw. Tex.*, 422 S.W.3d 594, 609 (Tex. 2013) (addressing arguments in advance of remand).

3

We disagree with TotalGen's argument that the trial court erred by denying its motion, but we conclude that there is no evidence to support the trial court's attorney's-fee findings under Section 27.009(b). Accordingly, we affirm in part and render in part, and we remand this case for further proceedings without reaching TotalGen's remaining two issues. *See* Tex. R. App. P. 47.1.

## II. Discussion

As we have noted before, we review de novo a trial court's ruling on a TCPA motion. *UATP Mgmt., LLC v. Leap of Faith Adventures, LLC*, No. 02-19-00122-CV, 2020 WL 6066197, at *2 (Tex. App.—Fort Worth Oct. 15, 2020, pet. filed) (mem. op.) (citing *Beving v. Beadles*, 563 S.W.3d 399, 404 (Tex. App.—Fort Worth 2018, pet. denied)); *PNC Inv. Co., v. Fiamma Statler, LP*, No. 02-19-00037-CV, 2020 WL 5241190, at *3 (Tex. App.—Fort Worth Sept. 3, 2020, no pet.) (mem. op.) (same).

As applicable here, the first step in the TCPA's burden-shifting analysis is for the defendant-movant to show by a preponderance of the evidence that the plaintiff's claim is based on, relates to, or is in response to the movant's exercise of the right of free speech or the right of association. *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.005(b); *Ghrist v. MBH Real Estate LLC*, No. 02-17-00411-CV, 2018 WL 3060331, at *1 (Tex. App.—Fort Worth June 21, 2018, no pet.) (mem. op.). In determining whether the TCPA applies, we initially look to the plaintiff's allegations, *Hersh v. Tatum*, 526 S.W.3d 462, 467 (Tex. 2017), as TotalGen did in its motion. When it is clear from the plaintiff's pleadings that the action is covered by the TCPA, the

4

defendant need show no more. *Id.* ("The basis of a legal action is not determined by the defendant's admissions or denials but by the plaintiff's allegations."). Only if the movant satisfies its burden does the nonmovant, to avoid dismissal, have to establish "by clear and specific evidence a prima facie case for each essential element of the claim in question."[3] Tex. Civ. Prac. & Rem. Code Ann. § 27.005(c); *Ghrist*, 2018 WL 3060331, at *1.

As a reminder, the TCPA's purpose is to encourage and safeguard "the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law" and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury. Tex. Civ. Prac. & Rem. Code Ann. § 27.002; *In re Lipsky*, 460 S.W.3d 579, 589 (Tex. 2015) (orig. proceeding) ("The TCPA's purpose is to identify and summarily dispose of lawsuits designed only to chill First Amendment rights, not to dismiss meritorious lawsuits."). It "is a bulwark against retaliatory lawsuits meant to intimidate or silence citizens on matters of public concern," *Dallas Morning News, Inc. v. Hall*, 579 S.W.3d 370, 376 (Tex. 2019), and its purpose of curbing strategic

---

[3]There are three steps in TCPA's burden-shifting analysis, *see generally Beving*, 563 S.W.3d at 404, but because we conclude that TotalGen failed to meet its burden on the first step, we do not reach the nonmovant's clear-and-specific-prima-facie burden in the second step, in Section 27.005(c), or—if the second step is met—the movant's subsequent burden to establish by a preponderance of the evidence each essential element of a valid defense to the nonmovant's claim, in Section 27.005(d). *See* Tex. R. App. P. 47.1.

lawsuits against public participation (SLAPP suits) through a summary process involving judicial review of the pleadings and limited evidence, *see Lipsky*, 460 S.W.3d at 589–90, "is not furthered by a construction finding a right of association based simply on communications between parties with a shared interest in a private business transaction." *Palladium Metal Recycling, LLC v. 5G Metals, Inc.*, No. 05-19-00482-CV, 2020 WL 4333538, at *5 (Tex. App.—Dallas July 28, 2020, no pet.) (mem. op.). It is likewise not furthered by applying it to wholly private disputes affecting only the fortunes of the private parties involved. *See Creative Oil & Gas, LLC v. Lona Hills Ranch, LLC*, 591 S.W.3d 127, 135–37 (Tex. 2019). As we have previously noted, the TCPA "is not a Swiss army knife, a tool always ready to obtain the early dismissal of every objectionable case or controversy." *Beving*, 563 S.W.3d at 408 n.8.

## A. TCPA Right of Association

The right to associate is defined in the pre-2019 TCPA as "a communication[4] between individuals who join together to collectively express, promote, pursue, or

---

[4]A TCPA "communication" includes making or submitting a statement or document in any form or medium, including oral, visual, written, audiovisual, or electronic. Tex. Civ. Prac. & Rem. Code Ann. § 27.001(1). No one disputes that the basis of TAI's breach-of-contract claim involves a "communication." *See In re IntelliCentrics, Inc.*, No. 02-18-00280-CV, 2018 WL 5289379, at *4 (Tex. App.—Fort Worth Oct. 25, 2018, orig. proceeding) (mem. op.) ("After all, what breach of contract action would not find its genesis in communication between the parties?"). But as we noted in *IntelliCentrics*, there is a distinction between communications used as evidence to support a claim for breach of contract (i.e., the parties' sourcing agreement) and a claim that is "based upon, relate[d] to, or [] in response to" that communication under the TCPA. *See id.*

defend common interests." *Garrison Inv. Grp. LP v. Lloyd Jones Capital, LLC*, No. 02-19-00115-CV, 2019 WL 5996979, at *6 (Tex. App.—Fort Worth Nov. 14, 2019, no pet.) (mem. op.) (quoting Section 27.001(2)). An interest is "common" if it is "shared by the public or at least a group." *Id.* (quoting *Kawcak v. Antero Res. Corp.*, 582 S.W.3d 566, 576 (Tex. App.—Fort Worth 2019, pet. denied)). But when a communication is between private business parties on private business matters and does not involve any public or citizen participation, it does not implicate the associational rights protected by the TCPA. *Id.*; *see Anders v. Oates*, No. 02-19-00116-CV, 2020 WL 1809654, at *5 (Tex. App.—Fort Worth Apr. 9, 2020, no pet.) (mem. op.) (observing that allegations of a fraudulent scheme to induce the sale of a business and the execution of a promissory note do not fall under the TCPA); *Newpark Mats & Integrated Servs., LLC v. Cahoon Enters., LLC*, 605 S.W.3d 671, 680 (Tex. App.—Houston [1st Dist.] 2020, no pet.) (holding that "association" to form a competing business "is a private interest that benefits only the private parties involved in the intended business venture" and thus does not fall under TCPA); *see also Farhat v. Wilson Scott, LLC*, No. 02-19-00438-CV, 2020 WL 1949624, at *3 (Tex. App.—Fort Worth Apr. 23, 2020, no pet.) (mem. op.) ("[T]he common interest they joined together to pursue is not an interest that the TCPA protects; the 'common interest' here is, allegedly, tortfeasors breaching fiduciary duties and working together for their own personal benefit rather than an interest common to the public or a larger group.").

7

In its first issue, TotalGen argues that the trial court erred by concluding that the breach-of-contract allegations in TAI's original petition—that "TotalGen gave Siouxland all the information about the Equipment" and "actively assisted Siouxland in purchasing the Equipment directly from MP"—did not relate to TotalGen's right of association.[5] TotalGen asserts that these complained-of communications were group communications in the public marketplace for the sale and purchase of power generators,[6] that the communications were public because TotalGen had failed to keep them private and confidential, and that TotalGen's communications with Siouxland and MP were made to collectively pursue the common interest of closing on the sale of the subject power generators. TotalGen further asserts that "generating power is of significant interest to the public" beyond the interests of the individuals and companies involved in the transaction.

---

[5]TotalGen relied solely on TAI's original petition in its motion to dismiss, as its counsel acknowledged at the hearing, stating, "Our motion raised the pleadings only."

[6]TotalGen also invites us to reconsider our analysis in *Kawcak* in light of a dissenting opinion in *Segundo Navarro Drilling Ltd. v. San Roman Ranch Mineral Partners, Ltd.*, No. 04-19-00484-CV, 2020 WL 4808716, at *6–11 (Tex. App.—San Antonio June 24, 2020, pet. denied) (op. on reh'g) (Chapa, J., dissenting). We note that the majority in that case agreed with us, *see id.* at *4 ("We agree with *Kawcak*'s thorough analysis."), and we decline the invitation. *See also Gaskamp v. WSP USA, Inc.*, 596 S.W.3d 457, 476 (Tex. App.—Houston [1st Dist.] 2020, pet. dism'd) (op. on en banc reconsideration) (following *Kawcak* and concluding that "with respect to the pre-amendment version of the TCPA, the proper definition of 'common' in the phrase 'common interests' is 'of or relating to a community at large: public.'").

But, as pointed out by TAI, the communications at issue involved nothing more than an exclusively private, arm's-length transaction between private parties involving confidential and proprietary information about the seller and equipment. TAI's breach-of-contract claim is based on the disclosure of confidential information in the sale of two specific pieces of equipment, and nothing in the alleged communications addresses a public component or the bigger picture of power generation generally, notwithstanding TAI's self-description as a business that conducts transactions worldwide. There is no allegation that TotalGen, Siouxland, or MP joined together to collectively express, promote, pursue, or defend any public or community interests with regard to the sale, *cf.* Tex. Civ. Prac. & Rem. Code Ann. § 27.001(2), and, contrary to TotalGen's assertions, based on TAI's original petition, the information was not disclosed "publicly" to the general public marketplace for generators but rather to an already interested and involved third-party, Siouxland.[7]

---

[7]In its original petition, TAI alleged,

> Pursuant to the Sourcing Agreement [with TotalGen], TAI disclosed to TotalGen proprietary and confidential information regarding the Equipment, including the then-current owner; the technical specifications and scope of supply of the Equipment; and the commercial terms on which the Equipment was available for purchase from MP. . . . TotalGen gave Siouxland all the information about the Equipment but failed to obtain [a non-disclosure agreement containing a non-circumvention provision]. The Sourcing Agreement also required TotalGen to prevent Siouxland from circumventing TAI. TotalGen failed to do that, and actively assisted Siouxland in purchasing the Equipment directly from MP, without providing for the payment of the broker's fee to TAI stipulated in the Sourcing Agreement.

9

Accordingly, because the communications at issue were between private business parties on private business matters and did not involve any public aspect, the communications did not implicate the associational rights protected by the TCPA, and the trial court did not err by denying this portion of TotalGen's motion. *See Garrison Inv. Grp. LP*, 2019 WL 5996979, at *6; *see also Ngo v. Ass'n of Woodwind Lakes Homeowners, Inc.*, No. 01-18-00919-CV, 2020 WL 7391696, at *7 (Tex. App.—Houston [1st Dist.] Dec. 17, 2020, no pet. h.) (holding that TCPA's right of association was not implicated in breach-of-contract dispute between HOA and homeowners); *SSCP Mgmt. Inc. v. Sutherland/Palumbo, LLC*, No. 02-19-00254-CV, 2020 WL 7640150, at *5 (Tex. App.—Fort Worth Dec. 23, 2020, no pet. h.) (mem. op. on reh'g) (stating that, with regard to breach-of-express-warranty claim and TCPA right of association, the appellant did not establish that the TCPA applied when "[m]ost of these activities relate[d] to the parties' private business dealings that they engaged in for their own personal profit and not to an interest shared by the public or a group" and the appellants failed to establish that the express warranty was contained in marketing materials or otherwise related to marketing materials); *Segundo Navarro Drilling, Ltd.*, at *4 ("Appellants have not explained how their right to 'participate in government' is served by defining the word 'common' to include their private business interests."). We overrule TotalGen's first issue.

**B. TCPA Right of Free Speech**

Under the TCPA, the "exercise of the right of free speech" is defined as "a communication made in connection with a matter of public concern." Tex. Civ. Prac. & Rem. Code Ann. § 27.001(3). A "matter of public concern" includes an issue related to (A) health or safety; (B) environmental, economic, or community well-being; (C) the government; (D) a public office or public figure; or (E) a good, product, or service in the marketplace." *Id.* § 27.001(7). A communication made in connection with a matter of public concern must have public relevance beyond the pecuniary interests of the private parties involved: "A private contract dispute affecting only the fortunes of the private parties involved is simply not a 'matter of public concern' under any tenable understanding of those words." *Creative Oil & Gas, LLC,* 591 S.W.3d at 136–37; *Anders*, 2020 WL 1809654, at *7 ("*Creative Oil & Gas* makes clear that to be a matter of public concern for purposes of the TCPA, the matter must involve more than the private pecuniary interests of the parties."). But because we may not narrow the TCPA's scope by ignoring its plain language, if an alleged communication has even a tangential relationship to a matter of public concern, then it meets the TCPA's requirements, and as long as the communication involves a public subject, it need not be made in a public form. *ExxonMobil Pipeline Co. v. Coleman*, 512 S.W.3d 895, 900 (Tex. 2017) (per curiam); *see Creative Oil & Gas, LLC*, 591 S.W.3d at 135.

In its second issue, relying on the same allegations set out above, TotalGen argues that the trial court erred by concluding that TotalGen's right of free speech was not implicated, contending that these were group communications in the public marketplace for the sale and purchase of power generation equipment that TAI had hoped to conduct privately and confidentially but that was instead sold and purchased in the public marketplace. But as set out above in our association analysis, these communications did *not* take place in the public marketplace; they were private communications related to a purely private transaction. To wit, as pointed out by TAI, as confidentiality within the transaction was the linchpin of the claim itself, the communications were inherently *not* a matter of *public* concern, notwithstanding TotalGen's argument that "power-generating equipment" is "necessarily related to 'environmental, economic, or community well-being.'" The allegations in TAI's original petition mention nothing about how the two pieces of equipment had or would have any effect—environmental, economic, or communal—outside of the private parties' business relationship. *See Creative Oil & Gas LLC*, 591 S.W.3d at 136–37; *see also Goldberg v. EMR (USA Holdings) Inc.*, 594 S.W.3d 818, 830 (Tex. App.—Dallas 2020, pet. denied) (op. on reh'g) (holding that private communications were not related to a matter of public concern when they involved only private buy–sell offers and did not mention the beneficial effects of recycling provided by the scrap-metal industry); *Farhat*, 2020 WL 1949624, at *6 ("[C]ommunications are not on a matter of public concern if the[y] . . . are private communications related to purely

12

private commercial business or transactions and, through those communications, the defendants . . . misappropriate the plaintiff's confidential information in order to pursue the business or transaction."). *Cf. PNC Inv. Co.*, 2020 WL 5241190, at \*5 (concluding that allegations fell under TCPA because they involved a matter of public concern beyond the private parties' pecuniary interests as, "at every level," the redevelopment project was "undergirded by the public fisc"); *Nguyen v. ABLe Commc'ns, Inc.*, No. 02-19-00069-CV, 2020 WL 2071757, at \*5 (Tex. App.—Fort Worth Apr. 30, 2020, no pet.) (mem. op.) (holding communications fell under the TCPA when they were on an issue related to the government—DFW and its public bidding process—involving concerns with public relevance beyond the private parties' pecuniary interests); *Rogers v. Soleil Chartered Bank*, No. 02-19-00124-CV, 2019 WL 4686303, at \*1 (Tex. App.—Fort Worth Sept. 26, 2019, no pet.) (mem. op.) (describing the "routine [TCPA free-speech] scenario: one party is dissatisfied with another's services, the dissatisfied party posts negative information on the internet, the service provider considers the posted statements defamatory and sues, and the dissatisfied party (now the defendant) invokes the TCPA"). Accordingly, the trial court likewise did not err by denying the motion on the free-speech ground, and we overrule TotalGen's second issue.

## C. Attorney's Fees

In its final issue, TotalGen argues that the trial court erred, as a matter of law, by awarding attorney's fees to TAI under Section 27.009(b) because its motion to

13

dismiss was not frivolous but rather based on both facts and law and was not "solely" intended to delay. TotalGen points out that construction of the statute has "ebbed and flowed" to the extent that "a construction one day of a word or phrase in the TCPA could be correct on that day but wrong the next." TAI responds that it proved that TotalGen's TCPA motion was both frivolous and intended solely for delay.

Under Section 27.009(b), "[i]f the court finds that a motion to dismiss filed under this chapter is frivolous or *solely* intended to delay, the court *may* award court costs and reasonable attorney's fees to the responding party." Tex. Civ. Prac. & Rem. Code Ann. § 27.009(b) (emphasis added). Such an award is entirely discretionary if the trial court finds that the motion is frivolous or solely intended to delay. *Lei v. Nat. Polymer Int'l Corp.*, 578 S.W.3d 706, 717 (Tex. App.—Dallas 2019, no pet.). "In the absence of a finding that the motion to dismiss was 'filed with the sole intention of delaying the proceedings,' 'an award of attorneys' fees is not authorized by the statute.'" *Stallion Oilfield Servs. Ltd. v. Gravity Oilfield Servs., LLC*, 592 S.W.3d 205, 221–23 (Tex. App.—Eastland 2019, pets. denied) (holding that there was no statutory basis to support the award of attorney's fees under Section 27.009(b) when the trial court abused its discretion by determining that the motion was frivolous and "did not find that the motion to dismiss was *solely* intended to delay" (emphasis added)); *see Abatecola v. 2 Savages Concrete Pumping, LLC*, No. 14-17-00678-CV, 2018 WL 3118601, at *16 (Tex. App.—Houston [14th Dist.] June 26, 2018, pet. denied) (mem. op.) ("[T]he trial court improperly ruled that 2 Savages and Lowry were entitled to attorney's fees

14

without finding that the motion to dismiss was frivolous or was solely intended to delay."); *see also Holland v. Wal-Mart Stores, Inc.*, 1 S.W.3d 91, 95 (Tex. 1999) (op. on reh'g) ("We have consistently held that a prevailing party cannot recover attorney's fees from an opposing party unless permitted by statute or by contract between the parties.").

In its order denying TotalGen's motion, the trial court stated,

> [T]he Court considered . . . TotalGen['s] . . . Motion to Dismiss Pursuant to the [TCPA], . . . [TAI's] Response thereto and Request for Attorney's Fees, as well as [TotalGen's] Reply and [TAI's] Surreply and Emergency Motion to Strike Defendant's Late-Filed Motion to Dismiss under [TCPA], First Amended Answer, and Affidavit of R. Nick Cioll, as well as additional briefing requested. After considering the Motion, the response thereto, the pleadings, the evidence on file with the Court, and the arguments of counsel, the Court finds that the Motion should be and is hereby DENIED. *The Court further finds that the Motion is frivolous, intended for delay*, and that [TAI]'s Counsel shall submit proof of reasonable attorney's fees by affidavit within five (5) business days of the date of this order, at which time the Court will issue its final order awarding attorneys' fees pursuant to [Section] 27.009. [Emphasis added.]

The trial court did not find that TotalGen's motion was filed "solely" for delay as required by the statute.[8] *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.009(b). Accordingly, we sustain this portion of TotalGen's final issue and turn to whether the

---

[8]Because the trial court's "delay" finding is insufficient as a matter of law, we will not address TAI's arguments that TotalGen used "procedural ambush tactics" and "made the conscious decision to lie behind the log and assert evidence and defense only days before the hearing" other than to note that e-filing permitted both parties to file documents outside of standard court business hours, as well as, in TAI's case, minutes before the hearing.

15

attorney's fee award can be salvaged on the basis of the trial court's finding that the motion was frivolous.

The TCPA does not define "frivolous," but our sister courts that have addressed the issue have noted that the "common understanding" of the word "contemplates that a claim or motion will be considered frivolous if it has no basis in law or fact and lacks a legal basis or legal merit." *Marrujo v. Wisenbaker Builder Servs., Inc.*, No. 01-19-00056-CV, 2020 WL 7062318, at *11 (Tex. App.—Houston [1st Dist.] Dec. 3, 2020, no pet.) (mem. op.) (quoting *Sullivan v. Tex. Ethics Comm'n*, 551 S.W.3d 848, 857 (Tex. App.—Austin 2018, pet. denied), and citing *Caliber Oil & Gas, LLC v. Midland Visions 2000*, 591 S.W.3d 226, 243 (Tex. App.—Eastland 2019, no pet.), and *Lei*, 578 S.W.3d at 717, as following *Sullivan*). The fact that a TCPA motion to dismiss is ultimately denied is not sufficient, standing alone, to support a finding that the motion was frivolous. *Id.* at *12 (citing *Caliber Oil*, 591 S.W.3d at 244).

If there is at least a colorable basis for the TCPA motion, then it is not frivolous. *Id.* In *Marrujo*, the appellee sued the appellants—a former employee and her new employer—in August 2018 for violation of a non-compete agreement, raising breach-of-contract and tortious interference claims, and the appellants filed a TCPA motion to dismiss based on the exercise of the rights of free speech, association, and petition. *Id.* at *1–3, *8. The trial court denied the motion and also denied the appellee's request for attorney's fees under Section 27.009(b). *Id.* at *1, *4. The *Marrujo* court affirmed the order denying the motion to dismiss but also concluded

16

that the trial court's denial of the attorney's fee request was not an abuse of discretion because the state of the law had been unclear when the appellants filed their TCPA motion in 2018. *Id.* at \*12. When the appellants filed their motion in that case, the supreme court had not yet decided *Creative Oil & Gas, LLC* (delivered December 20, 2019), and the *Marrujo* court did not issue its en banc decision in *Gaskamp* until February 20, 2020. *Id.* Accordingly, there had been "at least a colorable basis" for the motion because those dispositive cases had not yet been decided. *Id.*

If, by the time a TCPA motion is filed, sufficient discovery has been taken and evidence shown to the trial court to support all of the pleaded causes of action, the trial court does not abuse its discretion by finding that the motion is frivolous. *Lei*, 578 S.W.3d at 718. For example, in *Lei*, by the time that the appellants filed their TCPA motion, discovery had already been undertaken and the trial court had already heard evidence—including testimony and forensic evidence—at an injunction hearing that was sufficient to establish a prima facie case on each of the appellee's causes of action. *Id.* at 717–18.

Here, TAI filed its original petition on August 16, 2019—half a year after this court issued its opinion in *Kawcak* on February 21, 2019, and some three months after the supreme court denied the petition for review on May 10, 2019. *See* 582 S.W.3d at 566. However, in *Kawcak*, we did not determine how large a group "crosses the boundary of common" and held that "the interests of two conspirators who join

17

together *to commit a tort* do not cross the threshold of common," *id.* at 576 (emphasis added), which is not exactly on point in this breach-of-contract case.

TotalGen filed its motion to dismiss on October 25, 2019. We decided *Garrison* on November 14, 2019, *see* 2019 WL 5996979, at *1, which, under the Texas Rules of Appellate Procedure, meant the losing party had until December 29, 2019, assuming no motion for rehearing was filed, to file a petition for review in the supreme court. *See* Tex. R. App. P. 53.7(a).

At the December 12, 2019 hearing on TotalGen's TCPA motion, TAI's counsel admitted that "none of the Second Court of Appeals [cases] have dealt with just a breach[-]of[-]contract issue" but argued that the issue was "relatively decided," relying on *Garrison*, which "was just decided the other day." And *Creative Oil & Gas, LLC* was not decided until December 20, 2019. *See* 591 S.W.3d at 127. Accordingly, there was at least a colorable basis for the motion at the time that TotalGen filed it in October 2019. *See Marrujo*, 2020 WL 7062318, at *12. And although TAI argues on appeal that TotalGen knew that TAI had sufficient evidence to build a prima facie case "well before bringing its motion to dismiss," that evidence had not been heard by the trial court prior to the December hearing. *Cf. Lei*, 578 S.W.3d at 717–18. Accordingly, we conclude that the trial court abused its discretion by finding that TotalGen's motion was frivolous, and we sustain the remainder of TotalGen's fifth issue.

### III. Conclusion

Having concluded that TotalGen did not meet its initial burden to show by a preponderance of the evidence that TAI's breach-of-contract claim fell under the TCPA, we overrule TotalGen's first and second issues and affirm the portion of the trial court's order denying the TCPA motion. But having concluded that the trial court abused its discretion regarding the award of attorney's fees to TAI under Section 27.009(b), we sustain TotalGen's fifth issue, strike that portion of the order, and remand the case for further proceedings.

/s/ Bonnie Sudderth
Bonnie Sudderth
Chief Justice

Delivered: January 21, 2021