

# IN THE
# TENTH COURT OF APPEALS

## No. 10-21-00177-CV

**C. BRYAN CANTRELL, AS SUBSTITUTE TRUSTEE,**

**Appellant**

 **v.**

**MONICA RAE LOIZOS,**

**Appellee**

**From the 278th District Court
Walker County, Texas
Trial Court No. 2029813**

## MEMORANDUM OPINION

In four issues, appellant, C. Bryan Cantrell, complains that the trial court erred by:

(1) denying his motion to dismiss filed under Chapter 27 of the Texas Civil Practice and

Remedies Code (otherwise known as the Texas Citizens Participation Act or "TCPA");

(2) denying his motion to dismiss on the ground of attorney immunity; (3) not awarding

him attorney's fees and sanctions under the TCPA; and (4) concluding that his TCPA

motion to dismiss was frivolous.  We affirm.

## Background

Carlos Loizos and appellee, Monica Rae Loizos, were divorced on February 26, 2018. As part of the agreed final decree of divorce, Monica was awarded the marital residence. The parties agreed that Monica would refinance the real property into her name within six months after the final divorce decree was signed or list the property for sale. Monica asserted in the trial court that, in the event of a sale, she would receive all the proceeds from the sale in exchange for Carlos keeping his retirement. Moreover, Monica was required to execute a Deed of Trust to Secure Assumption, and Carlos was required to execute a Special Warranty Deed.

As alleged by Monica, on August 8, 2019, Carlos filed a petition for enforcement alleging that Monica had neither refinanced nor listed the property for sale. Carlos's primary concern was that the failure to refinance or list the property for sale resulted in him still having personal obligations under the mortgage note executed when he was married to Monica. After a short hearing, the trial court denied Carlos's petition for enforcement. Monica contended that the trial court denied Carlos's enforcement petition because he failed to provide "the deeds necessary to either refinance or list the property (Special Warranty Assumption Deed and Deed of Trust to Secure Assumption)."

On October 10, 2019, by a Special Warranty Assumption Deed, Carlos reserved a vendor's lien and superior title in the real property awarded to Monica in the divorce. A week later, Monica executed a Deed of Trust to Secure Assumption naming Carlos as the

beneficiary of the deed of trust. The Deed of Trust provided that if Monica failed to perform an obligation under the note that Carlos, as beneficiary, was entitled to fulfill the obligation. Carlos alleges that this provision was necessary to protect his credit. The Deed of Trust also named Alvin Lloyd Martin as trustee and allowed for Carlos to appoint a substitute trustee in the event that Carlos took action under the Deed of Trust.

Monica asserted that she was unable to refinance the property because her credit had suffered and that she listed the property for sale in March 2020. Thereafter, on June 9, 2020, Carlos filed a second amended petition for enforcement, alleging that Monica was two months behind on her note payments. Carlos argued that Monica's failure to meet the note payments negatively affected his credit and jeopardized his job as a federal law-enforcement agent. Monica disputed Carlos's contention that the note payments were late, emphasizing that the note payments are not late until after the 16th of each month, that a $51.26 late payment fee would be applied if payments were not made by the 16th of each month, and that the note was not in default.

On July 15, 2020, while his enforcement action was still pending, Carlos made a payment on the note. On the same day, Cantrell sent a demand letter to Monica on behalf of Carlos seeking repayment for the funds advanced on the note, plus $300 in attorney's fees. The letter further warned that, if payment was not received, Carlos, as beneficiary, would accelerate the indebtedness under the note, enforce payment of the note,

commence nonjudicial foreclosure proceedings, and exercise some or all of the other rights available to the beneficiary under the Deed of Trust or at law or in equity.

On July 20, 2020, Monica responded that she had also made a payment on the note on July 15, 2020. Monica alleged that Carlos did not advance any funds and, as such, did not make any payments to Carlos.

On July 22, 2020, Cantrell sent another demand letter to Monica on behalf of Carlos explaining that note payments are "due on the first of each month, not the fifteenth. She was fourteen days late, again, paying the notice." Cantrell alleged that Monica was slow paying the note, increasing the risk of negative credit reports for Carlos and the possible loss of his job. The letter further noted that: "I have clear marching orders from my client [Carlos], and that is to proceed forward with the assumption action." Cantrell then made a second request for the funds purportedly advanced on July 15, 2020.

Monica responded that Carlos's subjective concern is not enough to trigger default of any rights. Monica emphasized that the note is still current, and the trustee "will not foreclose" based on Carlos's worries.

On August 11, 2020, Cantrell filed, on behalf of Carlos, a notice of acceleration of deed of trust to secure assumption, appointment of substitute trustee, and notice of foreclosure sale. Of particular importance, this filing also substituted Cantrell in place of Alvin Lloyd Martin as trustee under the Deed of Trust.

Thereafter, Monica filed suit against Carlos and Cantrell, individually and as substitute trustee, seeking a declaratory judgment: (1) that Carlos and Cantrell may not execute a nonjudicial foreclosure as Monica is not in default; (2) that the notice of trustee's sale is deficient; (3) that Carlos and Cantrell have no right to "engineer" a "default" by unilaterally making additional payments; and (4) as to what would constitute a default sufficient to trigger a trustee sale. Monica also sought damages for "Intentional Infliction of Mental Anguish," alleging that the conduct of Carlos and Cantrell was extreme and outrageous, thus causing her severe emotional distress.

In response, Cantrell filed a plea to the jurisdiction and original answer and verified denial, subject to his pleas to the jurisdiction and plea in abatement. In his amended response, Cantrell added the affirmative defense of attorney immunity, contending that all the acts alleged and challenged by Monica were performed in the course and scope of his representation of Carlos and were acts that attorneys ordinarily perform for clients.

Cantrell then moved to dismiss Monica's lawsuit under the TCPA. Specifically, he alleged that:

> The claims against Mr. Cantrell are inappropriate and should be dismissed pursuant to Chapter 27 of the Texas Civil Practice and Remedies Code because: (a) Mr. Cantrell's actions/communications were performed in his capacity as attorney for Defendant Loizos and are, therefore, protected under the attorney immunity doctrine; (b) Mr. Cantrell's actions/communications were in furtherance of his client's—Defendant Carlos Loizos'—right to petition and (c) Mr. Cantrell is no longer the Trustee under the Deed of Trust;( [sic]

Monica filed a response to Cantrell's motion to dismiss.

After a hearing, the trial court granted Cantrell's motion to dismiss, in part. Specifically, the trial court dismissed Cantrell from the lawsuit, noting that he is no longer a necessary party. However, the trial court denied Cantrell's "Motion to Dismiss pursuant to Chapter 27 of the Texas Civil Practice and Remedies Code." The trial court also found that Cantrell's TCPA motion to dismiss is frivolous and awarded Monica reasonable and necessary attorney's fees in the amount of $2,570.

**The TCPA**

In his first and third issues, Cantrell complains that the trial court erred by denying his TCPA motion to dismiss and not awarding him attorney's fees and sanctions under the TCPA. We disagree.

The TCPA establishes a multi-step process for the expedited dismissal of legal actions that are "based on" or "in response to a party's exercise of the right of free speech, right to petition, or right of association . . . ." TEX. CIV. PRAC. & REM. CODE ANN. § 27.003(a). Initially, the party filing the TCPA motion to dismiss bears the burden of showing "by a preponderance of the evidence that the legal action is based on or is in response to" the movant's exercise of the above-enumerated protected rights. *Id.* § 27.005(b). If the movant meets that burden, then under the second step, the burden shifts to the non-movant to establish "by clear and specific evidence a prima facie case for each essential element of the claim in question." *Id.* § 27.005(c). If the non-movant fails to meet

this burden, the trial court must dismiss the action. *See id.* § 27.005(c)-(d). However, if the non-movant satisfies her burden to present a prima-facie case, the movant may still obtain dismissal by establishing "an affirmative defense or other grounds on which the moving party is entitled to judgment as a matter of law." *Id.* § 27.005(d).

In his motion to dismiss, Cantrell asserted that Monica's suit for a declaratory-judgment and for "Intentional Infliction of Mental Anguish" "was filed for the purpose of chilling Defendant Loizos['] efforts to exercise his constitutionally guaranteed right to petition and involve Defendant Cantrell in an effort to have him disqualified as Defendant Carlos' [sic] Loizos' attorney of records [sic]." As such, Cantrell sought to have Monica's claims against him dismissed under the TCPA.

At least one other Texas court has held that "when movants have failed to demonstrate their own exercise of, or have relied on another party's exercise of a TCPA-protected right, we have concluded the TCPA does not apply." *Snell v. Ellis*, No. 05-20-00642-CV, 2021 Tex. App. LEXIS 2600, at *13 n.19 (Tex. App.—Dallas Apr. 5, 2021, no pet.) (mem. op.). Based on this authority and general standing principles, we cannot conclude that the TCPA applies in this instance where Cantrell relied on Carlos's exercise of a TCPA-protected right to have the claims against Cantrell dismissed. *See id.*; *see also Esty v. Beal Bank S.S.B.*, 298 S.W.3d 280, 293 (Tex. App.—Dallas 2009, no pet.) (noting that standing is a party's justiciable interest in a controversy and that only the person whose primary legal right has been breached may seek redress for an injury). Therefore, we

cannot say that the trial court erred by denying Cantrell's TCPA motion to dismiss. *See Dyer v. Medoc Health Servs.*, LLC, 573 S.W.3d 418, 424 (Tex. App.—Dallas 2019, pet. denied) (stating that we review de novo a trial court's ruling on a TCPA motion to dismiss). We overrule Cantrell's first issue.

In his third issue, Cantrell argues that he was entitled to a mandatory award of court costs and attorney's fees under the TCPA. However, this issue is premised on a finding that the trial court erred by denying Cantrell's TCPA motion to dismiss. Because we have rejected Cantrell's complaint about the trial court's ruling on his TCPA motion to dismiss, we likewise reject Cantrell's assertion that he is entitled to mandatory court costs and attorney's fees under the TCPA. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.009(a) (providing that a defendant who successfully moves for dismissal under the TCPA is entitled to court costs and reasonable attorney's fees incurred in defending the legal action); *Youngkin v. Hines*, 546 S.W.3d 675, 683 (Tex. 2018); *see also Sullivan v. Abraham*, 488 S.W.3d 294, 299 (Tex. 2016) (agreeing that sanctions are mandatory under the TCPA and further concluding that the TCPA requires an award of reasonable attorney's fees to a successful movant). Accordingly, we overrule Cantrell's third issue.

**Attorney Immunity**

In his second issue, Cantrell argues that the trial court erred by not granting his motion to dismiss on the theory of attorney immunity. Once again, we disagree.

As mentioned earlier, in his motion to dismiss, Cantrell specifically requested the following:

> The claims against Mr. Cantrell are inappropriate and should be dismissed pursuant to Chapter 27 of the Texas Civil Practice and Remedies Code because: (a) Mr. Cantrell's actions/communications were performed in his capacity as attorney for Defendant Loizos and are, therefore, protected under the attorney immunity doctrine; (b) Mr. Cantrell's actions/communications were in furtherance of his client's—Defendant Carlos Loizos'—right to petition and (c) Mr. Cantrell is no longer the Trustee under the Deed of Trust;( [sic]

In other words, Cantrell asserted the affirmative defense of attorney immunity within his TCPA motion to dismiss. The record does not reflect that Cantrell raised his attorney-immunity defense in a motion for summary judgment, a Rule 91a motion to dismiss, special exceptions, or some other pleading in this case. Because we have concluded that the TCPA does not apply in this case, and because Cantrell did not raise this defense in another pleading, we cannot say that the trial court erred by denying Cantrell's TCPA motion to dismiss on the theory of attorney immunity. *See Dyer*, 573 S.W.3d at 424. We overrule Cantrell's second issue.

## The Trial Court's Attorney's Fees Award

In his fourth issue, Cantrell contends that the trial court erred by finding that his Chapter 27 motion to dismiss was frivolous. Thus, according to Cantrell, Monica was not entitled to reasonable and necessary attorney's fees.

We review the trial court's decision to award attorney's fees under the TCPA for an abuse of discretion. *Caliber Oil & Gas, LLC v. Midland Visions 2000*, 591 S.W.3d 226, 242

(Tex. App.—Eastland 2019, no pet.); *Sullivan v. Tex. Ethics Comm'n*, 551 S.W.3d 848, 857 (Tex. App.—Austin 2018, pet. denied). A trial court abuses its discretion when it acts arbitrarily or unreasonably or without regard to guiding principles. *Caliber*, 591 S.W.3d at 242-43; *see Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985).

> [T]o secure an award of attorney's fees from an opponent, the prevailing party must prove that: (1) recovery of attorney's fees is legally authorized, and (2) the requested attorney's fees are reasonable and necessary for the legal representation, so that such an award will compensate the prevailing party generally for its losses resulting from the litigation process.

*Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 487 (Tex. 2019). In this issue, Cantrell challenges only the first prong of *Rohrmoos Venture*—whether the recovery of attorney's fees is legally authorized. *See id.*

The TCPA gives the trial court discretion to award costs and reasonable attorney's fees to a non-movant if it determines that the motion to dismiss was frivolous or solely intended to delay. TEX. CIV. PRAC. & REM. CODE ANN. § 27.009(b). "'[A] finding that a motion to dismiss is not well taken must precede an award of the respondent's attorney's fees under Section 27.009(b).'" *Caliber*, 591 S.W.3d at 243 (quoting *In re Estate of Calkins*, 580 S.W.3d 287, 300 (Tex. App.—Houston [1st Dist.] 2019, no pet.)). A motion to dismiss under the TCPA is frivolous if it has no basis in law or fact and lacks a legal basis or legal merit. *Caliber*, 591 S.W.3d at 243.

Here, the trial court concluded that Cantrell's TCPA motion to dismiss was frivolous and awarded Monica reasonable and necessary attorney's fees in the amount of

$2,570. As we concluded above, Cantrell could not rely on Carlos's exercise of his right to petition to assert a TCPA motion to dismiss claims brought against Cantrell in his individual capacity. In other words, Cantrell's TCPA motion to dismiss has no basis in law or fact and lacks legal merit. *See id.* (noting that "[f]rivolous" is not defined in the TCPA, but that "the word's common understanding contemplates that a claim or motion will be considered frivolous if it has no basis in law or fact and lacks a legal basis or legal merit" (citing *Sullivan*, 551 S.W.3d at 857; *Pinghua Lei v. Natural Polymer Int'l Corp.*, 578 S.W.3d 706, 717 (Tex. App.—Dallas 2019, no pet.))). Accordingly, we cannot conclude that the trial court abused its discretion when it determined that Cantrell's TCPA motion to dismiss was frivolous. *See id.* at 243-44; *see also Sullivan*, 551 S.W.3d at 857. We overrule Cantrell's fourth issue.

## Conclusion

Having overruled all of Cantrell's issues on appeal, we affirm the judgment of the trial court.

STEVE SMITH
Justice

Before Chief Justice Gray,
    Justice Johnson,
    and Justice Smith
Affirmed
Opinion delivered and filed March 2, 2022
[CV06]



Cantrell v. Loizos Page 11