

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-19-00394-CV

———————————————

VICTOR MIGNOGNA, Appellant

V.

FUNIMATION PRODUCTIONS, LLC, JAMIE MARCHI, MONICA RIAL, AND RONALD TOYE, Appellees

AND

MONICA RIAL AND RONALD TOYE, Appellants

V.

VICTOR MIGNOGNA, Appellee

On Appeal from the 141st District Court
Tarrant County, Texas
Trial Court No. 141-307474-19

Concurring and Dissenting Memorandum Opinion by Justice Womack

## CONCURRING[1] AND DISSENTING MEMORANDUM OPINION

### I. INTRODUCTION

The trial court awarded Monica Rial and Ronald Toye $100,000 in attorney's fees. Both Appellant Victor Mignogna and Cross-Appellants Rial and Toye challenge this award. While Mignogna disputes the award of any fees because "the trial court improperly dismissed [his TCPA] claims,"[2] Rial and Toye dispute the amount of the attorney's-fees award, complaining that it was lower than the amount they requested. The majority agrees with Rial and Toye, reversing and remanding for a redetermination of fees. Because I do not agree that the trial court abused its discretion, I respectfully dissent.

### II. DISCUSSION

In their sole cross-appeal issue, Rial and Toye complain that the trial court's award of $100,000 in attorney's fees is improper because they requested and provided evidence of $282,953.80 in fees. Mignogna responds that the trial court acted within its discretion in reducing the attorney's-fees award in light of the following: Rial and Toye's "heavily redacted billing statements"; "deficiencies in Rial and Toye's attorney

---

[1]I concur with the majority opinion's disposition of the Texas Citizens Participation Act (TCPA) claim.

[2]I agree with the majority opinion that, due to its disposition of the TCPA claim, it was proper for the trial court to award some amount of attorney's fees to the successful movants. *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.009(a)(1); *Sullivan v. Abraham*, 488 S.W.3d 294, 299 (Tex. 2016).

billing statements, including Rial and Toye's attempt to recover attorney's fees for block billing, billing for unnecessary tasks such as discussions with a NY bankruptcy attorney, several hours of discussions regarding alleged death threats to Rial and Toye from unknown individuals, unreasonably large time spent on discre[te] tasks such as billing over fifty (50) hours to prepare for a single deposition, duplicative and excessive attorney work, and for billing time spent on opposition research not related to resolving a case under the TCPA"; the fact that Mignogna's attorney "informed the trial court Rial and Toye's attorney's fees rates were excessive"; deficiencies in their attorney's fee expert; and the testimony of Jamie Marchi's expert witness that Marchi's reasonable and necessary fees for "defending the exact same claims and achieving the exact same results as Rial and Toye" were $48,137.50. For these reasons and others, I agree with Mignogna that the trial court acted within its discretion in reducing the attorney's-fees award to Rial and Toye.

## A. STANDARD OF REVIEW

When a trial court dismisses a suit under the TCPA, it must award "reasonable attorney's fees" to the successful movant. Tex. Civ. Prac. & Rem. Code Ann. § 27.009(a)(1); *Sullivan*, 488 S.W.3d at 299. A reasonable attorney's fee "is one that is not excessive or extreme, but rather moderate or fair." *Sullivan*, 488 S.W.3d at 299 (citing *Garcia v. Gomez*, 319 S.W.3d 638, 642 (Tex. 2010)).

We review the trial court's decision to award attorney's fees under this section for an abuse of discretion. *Navidea Biopharm., Inc. v. Cap. Royalty Partners II, L.P.*,

4

No. 14-18-00740-CV, 2020 WL 5087826, at *6 (Tex. App.—Houston [14th Dist.] Aug. 28, 2020, pet. denied) (mem. op.) (citing *Sullivan v. Tex. Ethics Comm'n*, 551 S.W.3d 848, 857 (Tex. App.—Austin 2018, pet. denied)). "A trial court abuses its discretion if its decision 'is arbitrary, unreasonable, and without reference to guiding principles.'" *Sullivan*, 551 S.W.3d at 857 (quoting *Goode v. Shoukfeh*, 943 S.W.2d 441, 446 (Tex. 1997)); *see In re A.L.M.-F.*, 593 S.W.3d 271, 282 (Tex. 2019). A trial court does not abuse its discretion when its ruling is based on conflicting evidence and some evidence of substantive and probative character supports its decision. *Unifund CCR Partners v. Villa*, 299 S.W.3d 92, 97 (Tex. 2009). And a trial court does not abuse its discretion merely because the appellate court would have ruled differently in the same circumstances. *E.I. du Pont de Nemours & Co. v. Robinson*, 923 S.W.2d 549, 558 (Tex. 1995); *see Low v. Henry*, 221 S.W.3d 609, 620 (Tex. 2007).

**B. ANALYSIS**

The hearing on attorney's fees spanned 192 pages of testimony from four witnesses as well as fifteen exhibits. After examining the evidence, the majority opinion states that "[b]y awarding essentially the same amount [to Rial and Toye as it did to Marchi,][3] the trial court apparently failed to factor in all of the testimony

---

[3]While the majority opinion says that the amounts awarded by the trial court were "essentially the same amount," this is not what the judgment reflects. Rather, the judgment states that different amounts of attorney's fees—trial and appellate— and different amounts of litigation expenses were awarded to Funimation Productions, LLC; Rial and Toye; and Marchi. *See* Exhibit A.

addressing expertise and experience, as well as the distinction between a large firm's

billing rate and a small firm's billing rate and the fact that Marchi's counsel had

leveraged the 'heavy lifting' by Rial and Toye's legal team to prevail with significantly

fewer hours at a significantly lower cost." While noting that "the trial court had

ample evidence upon which to exercise its discretion," the majority opinion then

concludes that "the trial court's comments[4] make apparent what the record otherwise

---

[4]When referring to the "trial court's comments," the majority opinion is apparently citing its earlier statements that "the trial court observed that Funimation's bill was $100,000 less than Rial and Toye's"; that the trial court noted that there was a "$234,000 difference [between the requested attorney's fees for Marchi as compared to Rial and Toye]"; and that the trial court stated, "[I]f you brought me a repair bill on a car or something, and one is 48,000 and one is 282,000, you can't say those are both reasonable, or that the 282,000 was reasonable. It's the same causes of action."

These comments by the trial court should not figure into the abuse-of-discretion analysis as there were no findings of fact or conclusions of law filed in this case; therefore, we must infer all findings necessary to support the trial court's judgment. *Lemons v. EMW Mfg. Co.*, 747 S.W.2d 372, 373 (Tex. 1988); *see BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 795 (Tex. 2002); *see also Sprute v. Levey*, No. 04-14-00358-CV, 2015 WL 4638298, at *7 (Tex. App.—San Antonio July 15, 2015, no pet.) (mem. op.) (holding that where the trial court did not expressly state its reason for a reduced fee, "we must infer that the trial court found 'some of the claimed fees to be unreasonable, unwarranted, or some other circumstance which [made] an award of the uncontroverted claim wrong'" (quoting *Ragsdale v. Progressive Voters League*, 801 S.W.2d 880, 882 (Tex. 1990)). In addition, a court of appeals is not entitled to look to any of the trial court's comments at the conclusion of a bench trial as a substitute for findings of fact and conclusions of law. *In re W.E.R.*, 669 S.W.2d 716, 716 (Tex. 1984); *see Elgohary v. Lakes on Eldridge N. Cmty. Ass'n., Inc.*, No. 01-14-00216-CV, 2016 WL 4374918, at *12–13 (Tex. App.—Houston [1st Dist.] Aug. 16, 2016, no pet.) (mem. op.) (concluding that despite the "trial court's off-the-cuff statement" that it was "going to arbitrarily reduce the award for attorney's fees," the "trial court heard testimony, exhibits, and the cross-examination contesting an award of attorney's fees" and did not act arbitrarily in reducing attorney's fees); *see also Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 240–41 (Tex. 2001) ("A trial court has the

shows," that "the trial court abused its discretion when it awarded to Rial and Toye collectively just over one-third of their requested amount of attorney's fees." I believe that this analysis goes beyond the scope of our review, interferes with the trial court's discretion, and substitutes our opinion for that of the factfinder.

The determination of what is a reasonable amount of attorney's fees cannot be made by application of some mechanical formula. *USX Corp. v. Union Pac. Res. Co.*, 753 S.W.2d 845, 858 (Tex. App.—Fort Worth 1988, no writ). While a movant must prove that its requested attorney's fees are both reasonable and necessary, whether a fee is reasonable and whether it is necessary are both "questions of fact to be determined by the fact finder," and each "act[s] as [a] limit[ ] on the amount of fees that a prevailing party can shift to the non-prevailing party." *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 489 (Tex. 2019). And here, where the fees were presented under the *Rohrmoos* lodestar method, the determination of what constitutes a reasonable attorney's fee involves two steps, and the trial court may adjust the base lodestar up or down if relevant factors indicate an adjustment is necessary to reach a reasonable fee in the case. *Id.* at 494. This second step permits the factfinder to determine whether evidence of other considerations overcomes the

---

authority to express itself in exercising this broad discretion [over the conduct of a trial].").  Therefore, the trial court's comments did not limit the scope of what we may infer from the judgment. *See In re Q.M.*, No. 02-19-00367-CV, 2020 WL 827595, at *4 (Tex. App.—Fort Worth Feb. 20, 2020, no pet.) (mem. op.).

presumption of reasonableness. *Id.* at 501. Here, those considerations could have included the following:

- Rial and Toye's attorney's fees were $282,953.80 while Marchi's were $48,137.50 and Funimation's were $168,941;

- Rial and Toye's attorneys' rates were $650 and $515 per hour as compared to Marchi's attorney's rate of $250 per hour plus a $100 per hour "success bonus" by getting the claims dismissed within six months and Funimation's attorneys' rates of $500 and $410 per hour;

- two attorneys for Rial and Toye testified by affidavits that were admitted into evidence that, in their experience, "a rate between $275.00 per hour and $515.00 per hour is a reasonable hourly rate for the attorneys working on this matter in Tarrant County";

- Rial and Toye's attorney spent sixty hours preparing for a ten-hour deposition;

- Rial and Toye had three attorneys appear at one deposition; and

- few documents were filed prior to the granting of the motion to dismiss.

Further, while the attorney for Marchi—who had the lowest attorney's fees—testified that this was the first TCPA motion he had ever drafted, and the attorney for Rial and Toye—who had the highest attorney's fees—testified that he had extensive experience with the TCPA, all movants achieved the same result—dismissal of the

8

lawsuit at the same hearing and in the same judgment. All of these considerations could have factored into the trial court's decision to reduce the amount of attorney's fees awarded to Rial and Toye.

Rial and Toye's attorney even agreed that the trial court had wide discretion in setting their attorney's fees. At the hearing on attorney's fees, he stated, "[T]he Court doesn't have discretion to award zero, but the Court does have the discretion to set the amount." Their attorney admitted that while his rate was $650 an hour, his "rate at $300 would also be reasonable, or any rate below [his] 650 rate." Although Rial and Toye had "more timekeepers," "higher rates," and "spent more time on the file," their attorney agreed that they "got the same result" as the other movants. Ultimately, he simply "ask[ed] the Court to just fill in the blank on what the Court finds as a reasonable fee." Now, on appeal, Rial and Toye urge otherwise.

However, the trial court was not required to award the amount requested by Rial and Toye. Rather, as we have stated before, "a trial court is not, of course, a mere rubber stamp or bean-counter; even when evidence of attorney's fees is uncontroverted, a trial court is not obligated to award the requested amount." *Mogged v. Lindamood*, No. 02-18-00126-CV, 2020 WL 7074390, at *18 (Tex. App.—Fort Worth Dec. 3, 2020, pet. denied) (mem. op.); *see McGibney v. Rauhauser*, 549 S.W.3d 816, 821 (Tex. App.—Fort Worth 2018, pet. denied) ("In the proper exercise of its discretion, the trial judge is obliged to do more than simply act as a rubber-stamp, accepting carte blanche the amount appearing on the bill."). And, as noted in *Mogged*,

9

reduced attorney's-fees awards under the TCPA can be and have been upheld as a proper exercise of the trial court's discretion if conflicting evidence of their reasonableness exists. *Mogged*, 2020 WL 7074390, at *18 (citing *Ruder v. Jordan*, No. 05-16-00742-CV, 2018 WL 672091, at *3 (Tex. App.—Dallas Feb. 2, 2018, no pet.) (mem. op.)); *see Davis v. Huey*, 571 S.W.2d 859, 862 (Tex. 1978) (stating that "[a]n abuse of discretion does not exist where the trial court bases its decisions on conflicting evidence").

On appeal, we must defer to the trial court's role as factfinder and its role in evaluating the complexity and necessity of the legal services in light of the $282,953.80 requested. *See Pro-Care Med. Ctr. & Injury Med. Grp. v. Quality Carriers, Inc.*, No. 14-18-01062-CV, 2020 WL 1617116, at *3 (Tex. App.—Houston [14th Dist.] Apr. 2, 2020, no pet.) (mem. op.). We must recognize that the trial court did not need to award the full amount of fees requested even if the evidence was undisputed.[5] *Smith v. Patrick*

---

[5]The Texas Supreme Court has made it clear that even uncontroverted evidence of attorney's fees does not necessarily require a finding of reasonableness as a matter of law:

> In order for the court to award an amount of attorneys' fees as a matter of law, the evidence from an interested witness must not be contradicted by any other witness or attendant circumstances and the same must be clear, direct and positive, and free from contradiction, inaccuracies and circumstances tending to [cause] suspicion thereon. The court, as a trier of fact, may award attorneys' fees as a matter of law in such circumstances, especially when the opposing party has the means and opportunity of disproving the testimony or evidence and fails to do so . . . . *In [some situations,] the evidence may be uncontradicted, but the trial judge*

*W.Y. Tam Tr.*, 296 S.W.3d 545, 547–48 (Tex. 2009). While the testimony of Rial and Toye's attorney was some evidence of a reasonable fee, it was not conclusive. *See Garcia*, 319 S.W.3d at 642. Rather, the determination of reasonableness "rests within the court's sound discretion." *Sullivan*, 488 S.W.3d at 299. As part of its discretion, the trial court could "consider the entire record and common knowledge of the participants as lawyers and judges in making its determination." *Mogged*, 2020 WL 7074390, at *18 (citing *In re A.M.*, No. 02-18-00412-CV, 2020 WL 3987578, at *4 (Tex. App.—Fort Worth June 4, 2020, no pet.) (mem. op.)); *see McMahon v. Zimmerman*, 433 S.W.3d 680, 693 (Tex. App.—Houston [1st Dist.] 2014, no pet.) ("Trial courts are considered experts on the reasonableness of attorney's fees."). After adhering to these principles and considering the entire record, I would conclude that the award of $100,000.00 in attorney's fees to Rial and Toye was well within the discretion of the trial court.

## III. CONCLUSION

The majority concludes that the trial court's "attorney's-fee amount awarded is not supported by factually sufficient evidence" and remands the issue to the trial court for a redetermination. But the trial court—an expert on the reasonableness of attorney's fees—considered the entire record, heard the disputed evidence, exercised

---

*could find some of the claimed fees to be unreasonable, unwarranted, or some other circumstance which would make an award of the uncontroverted claim wrong.*

*Ragsdale*, 801 S.W.2d at 882 (emphasis added).

11

its discretion, and reduced the amount of attorney's fees awarded to Rial and Toye. Because the determination of attorney's fees is within the trial court's sound discretion and there are insufficient grounds to second-guess that discretion in this case, I would affirm the trial court's award of attorney's fees.

/s/ Dana Womack
Dana Womack
Justice

Delivered:  August 18, 2022

12

# EXHIBIT A

## Reasonable and Necessary Attorneys' Fees

**Fees to Funimation**: Funimation shall have and recover from Plaintiff Victor Mignogna the amount of $ 50,000.00 , representing Funimation's reasonable and necessary attorney's fees, plus the amount of $ 7,504.00 , representing Funimation's litigation expenses in defense of this matter through November 21, 2019.

Funimation shall also have and recover from Plaintiff Victor Mignogna the following reasonable and necessary appellate attorney's fees, in the event Plaintiff files a Notice of Appeal:

1. $ $50,000.00 in the event there is no modification of or change to the Judgment or the Judgment is affirmed by the Court of Appeals;

2. $ 25,000.00 in the event a Petition for Review is filed by any party and the result is that there is no modification of or change to the Judgment;

3. $ 15,000.00 in the event the Texas Supreme Court requests briefs on the merits and the result is that there is no modification of or change to the Judgment; and

4. $ 10,000.00 in the event the Texas Supreme Court sets the case for oral argument and through the conclusion of the case, and the result is that there is no modification of or change to the Judgment

**Fees to Rial and Toye**: Rial and Toye shall have and recover from Plaintiff Victor Mignogna the amount of $ 100,000.00 , representing Rial's and Toye' reasonable and necessary attorney's fees, plus the amount of $ 15,526.96 , representing Rial's and Toye' litigation expenses in defense of this matter through November 21, 2019.

13

Rial's and Toye' shall also have and recover from Plaintiff Victor Mignogna the following reasonable and necessary appellate attorney's fees, in the event Plaintiff files a Notice of Appeal:

1. $55,000.00 in the event there is no modification of or change to the Judgment or the Judgment is affirmed by the Court of Appeals;

2. $12,500.00 in the event a Petition for Review is filed by any party and the result is that there is no modification of or change to the Judgment;

3. $22,500.00 in the event the Texas Supreme Court requests briefs on the merits and the result is that there is no modification of or change to the Judgment; and

4. $15,000.00 in the event the Texas Supreme Court sets the case for oral argument and through the conclusion of the case, and the result is that there is no modification of or change to the Judgment.

**Fees to Marchi**: Marchi shall have and recover from Plaintiff Victor Mignogna the amount of $48,137.50, representing Marchi's reasonable and necessary attorney's fees, plus the amount of $1,873.96, representing Marchi's litigation expenses in defense of this matter through November 21, 2019.

Marchi shall also have and recover from Plaintiff Victor Mignogna the following reasonable and necessary appellate attorney's fees, in the event Plaintiff files a Notice of Appeal:

1. $37,500.00 in the event there is no modification of or change to the Judgment or the Judgment is affirmed by the Court of Appeals;

2. $22,500.00 in the event a Petition for Review is filed by any party and the result is that there is no modification of or change to the Judgment;

3. $12,500.00 in the event the Texas Supreme Court requests briefs on the merits and the result is that there is no modification of or change to the Judgment; and

4. $10,000.00 in the event the Texas Supreme Court sets the case for oral argument and through the conclusion of the case, and the result is that there is no modification of or change to the Judgment.